## LEVI HAYES & al. *versus* RUFUS PORTER.

Although the statute regulating the inspection of beef and pork imposes a penalty upon the inspector for neglect of duty, one moiety thereof to the use of the town wherein the offence shall have been committed, and the other to the use of the person suing for the same, yet a person injured by the inspector's neglect of official duty may recover damages sustained thereby, in an action on the case.

And the inspector is still liable under the provisions of St. 1821, c. 148, if the owner employs the men by whom the work is done, and furnishes the barrels, where there is no collusion between the parties, and the defects could have been discovered by a careful examination.

If the declaration alleges, that the plaintiff sustained damages " by the neglect of the inspector in cutting, packing, salting and coopering the beef" inspected, it is sufficient to enable the plaintiff to recover damages, whether the loss is attributable to the unsuitable condition of the meat when it was packed, to the want of sufficient salt or pickle, to the want of faithful coopering, or to an apparent defect in the barrels.

CASE against the defendant, deputy inspector of beef and pork for the County of Cumberland, for neglect of duty in putting up and inspecting beef of the plaintiffs, whereby it became injured and worthless.

The testimony given at the trial is set forth in the exceptions, and is quite voluminous. It appeared that the plaintiffs, by an agreement with Porter, furnished the hands who performed the labor in cutting, packing, and salting the beef, and furnished the barrels wherein the beef was packed. The proof

was sufficiently clear, that the beef was unfit for use; and it became a subject of inquiry whether it was occasioned by the negligence of the defendant, or by the misconduct of the men employed by the plaintiffs, or by latent defects in the barrels furnished by them. The bill presented by the defendant and paid by the plaintiffs was as follows.

"Nov. 1840.   Hayes & Barstow, Drs. to R. Porter
for inspecting beef, 323 barrels, for 15 cents,            $48,45.
                    "Received Pay,        Rufus Porter."

Thirty barrels of the beef were alleged to have been injured. They were marked by the defendant, "R. Porter, Inspector." The declaration alleged, that in consideration, &c. "the said Porter undertook to inspect, cut, weigh, pack, salt and cooper said beef in a careful, faithful and proper manner; yet not regarding the duties of his said office, nor the charge that he had taken upon himself as aforesaid, the said Porter so ignorantly, negligently and unskilfully inspected, cut, weighed, packed, salted and coopered said beef, that the same thereby became putrid, disgusting and worthless, and the plaintiffs have thereby wholly lost the same."

It was contended by the defendant, that the statutes of the State regulating the inspection of beef and pork for export were not applicable to and did not govern this case, where the parties made such an agreement or arrangement as appears from the testimony, so far as the parties to such agreement were concerned, although they might apply, and the duties and liabilities of the defendant be prescribed and determined thereby, so far as third persons and the public are concerned, and in a different form of action.

It was further contended that the defendant was not accountable for the conduct of the plaintiffs and the laborers and coopers employed by them, and that if the beef was improperly put up by them, or became damaged in consequence of their negligence, inattention, mistakes or wrongdoings, the defendant was not accountable therefor.

The defendant further contended that he was not accountable for barrels furnished by the plaintiffs, and that if the beef

became damaged in consequence of defects in the barrels, he was not accountable therefor; more especially if the barrels appeared to be good at the time they were used and had latent defects not known to him at the time, and which he could not discover by the use of ordinary skill and care, as was contended; and that he was not accountable for the conduct of the cooper who selected and coopered the barrels, and whose duty it was to select and cooper suitable barrels.

It was further contended for the defendant, that if the defendant was accountable for the barrels furnished and used, yet the plaintiffs' declaration was insufficient in this respect, and that under it the plaintiffs could not recover for any damage resulting from said barrels.

Upon the testimony, WHITMAN C. J. presiding at the trial, instructed the jury, that if the defendant had not conducted negligently to the injury of the plaintiffs they could not recover in this action against him; that they must look to the law to ascertain what his duties were; that the law requires, "whenever the inspector or his deputies shall have inspected and assorted beef and pork, as the law requires, the said inspector or his deputies, with his own laborers and coopers, or such other laborers and coopers as they shall employ, and for whose conduct in said business they shall be accountable, shall cut, weigh, pack, salt and cooper the said beef, which they have thus inspected." And that "every barrel and half barrel, in which beef or pork shall be packed and repacked for exportation, shall be made of good seasoned rift white oak, white ash or maple staves and heading, free from any defect:" That the manner in which the laborers were furnished in this case, as developed in the testimony, did not exonerate the defendant from his obligation to observe the provisions of the law: That he would at least be liable to a penalty if he had not observed them.

But that if the plaintiffs had colluded with him in violating the law, or had furnished him with barrels which were defective in such a manner that, with due care, he could not ascertain that they were unsuitable for the purpose, they could not

recover against the defendant for any injury they had sustained therefrom. But that the jury would consider whether the plaintiffs had or not conducted in good faith, and if they had, and had given the defendant to understand, that they relied upon him to have the beef properly packed and *inspected*, and he had been guilty of any neglect in doing it, whereby they had been injured, they would have a right to recover against him the amount of injury so occasioned. If he was aware when the beef was packed that the barrels were unsuitable for the purpose, he violated the law in using them, and if it was to the injury of the plaintiffs they had a right to recover for it in this action. And that the plaintiffs' declaration was sufficient to entitle them to recover upon this ground. That if they, the jury, were satisfied the plaintiffs were entitled to recover, they would ascertain the amount of the damages from the evidence; if not they would return their verdict for the defendant.

The verdict was for the plaintiffs, and the defendant filed exceptions to the ruling of the Judge; and also filed a motion for a new trial because the verdict was against evidence.

*H. B. Osgood*, for the defendant, contended that the duties and liabilities of an inspector of beef were regulated entirely by statute, and that no remedy existed against him, except such as the statute provides. This action therefore cannot be maintained. As it repects the public, the remedy is by enforcing the penalty. As it respects the plaintiffs, they made a special contract, and furnished the persons who performed the work, and received seventeen out of the thirty-two cents allowed by law for the inspection of a barrel of beef. The inspection was by the plaintiffs themselves, and they have no cause of action against the defendant.

The defendant is not liable for the negligence, or want of skill of the men furnished by the plaintiffs, or accountable for the damage sustained thereby. The instructions therefore were in this respect erroneous.

The instructions are also erroneous, because they make the

defendant liable for defects in the barrels provided by the plaintiffs, and coopered by men employed by them.

But even if any such liability existed, this declaration does not claim damages for that cause, and will not enable the plaintiffs to recover on that account.

*Haines,* for the plaintiffs, said that the penalty given by the statute furnished no remedy to persons injured by neglect of duty of the defendant. Any other person, equally with the injured, might sue for it, and besides, it might be wholly inadequate. Like the sheriff, his duties are mainly prescribed by statute, and like the sheriff, the inspector is liable at common law to the party injured by his official misconduct. *Barden* v. *Crocker,* 10 Pick. 383.

The St. 1821, c. 148, § 5, expressly makes the inspector liable for the acts of the persons employed in the business. The men were procured by the plaintiffs merely for the accommodation of the defendant, who might accept or reject them as he pleased. The object of the law was, that he should oversee the work, and cause it to be done well and according to law.

The defendant is liable for due care and diligence in seeing that the barrels are good ; and the instructions to the jury make him liable for no more.

The declaration is sufficient ; for the beef could not be well packed, if the barrels were bad.

The opinion of the Court was afterwards drawn up by

Tenney J. — Chap. 148, of the St. of 1821, requires, under the sanction of a penalty, that all salted beef and pork, before the same is exported from the State, shall be inspected and marked in the manner therein specified, by an Inspector General, appointed by the Governor, or by a deputy of said Inspector General ; both Inspector and deputy are to give bonds and take an oath faithfully to perform their duties, and as an additional security, for any neglect or fraud in the discharge of their trusts, penalties are incurred.

The present action is not for the purpose of recovering a

penalty, but is an action of the case for the damages alleged to have been sustained by the plaintiffs, by the neglect of the defendant in not faithfully performing what he undertook, by virtue of his appointment and their request, for a full consideration.

It is insisted by his counsel that the action cannot be maintained ; that he is the creature of the statute, and no common law remedy can be applied ; that resort can be had only to the mode and to the penalty pointed out in the statute. Where the law has affixed forfeitures for certain infractions thereof or for neglects in not conforming to its requirements, whereby individuals are injured, they are not in consequence thereof deprived of the remedy, which would exist if no penalties were prescribed. If such penalties were not intended for individual protection, private loss may be remunerated by recourse to the same means, which are resorted to for other neglects. A sheriff, deputy sheriff, coroner or constable, are liable in an action at common law, for all official neglects and violations of duty, to the extent of the injury, notwithstanding their powers are all derived from an appointment, under the statute. When they are qualified as public officers, they still may be regarded as private agents of persons, who employ them to act officially in individual concerns, and as such are answerable like agents differently selected.

In cases, where the public have an interest in the faithful discharge of official duty, the penalty for neglect, unless the contrary appear, is for the protection of that interest, rather than to secure private rights ; and in many cases the forfeiture is entirely inadequate for the latter purpose, and is not even certainly available to the injured party. In *Beckford* v. *Hood*, 7 T. R. 620, which was an action of the case for the publication of a work, without the consent of the plaintiff, who had secured therefor a copy-right, and for which publication a penalty was incurred, Lord Kenyon says, "nothing could be more incomplete as a remedy than those penalties alone ; for without dwelling upon the incompetency of the same, the right of action is not given to the party grieved, but

to any common informer." And Ashurst J. in the same case observes, " Now I can only consider the action for the penalties given to a common informer, as an additional protection, but not intended by the Legislature to oust the common law right to prosecute by an action any person, who infringes this species of property. " In *Farmer's Turnpike Co.* v. *Coventry*, 10 Johns. R. 389, the penalty is decided to be an additional remedy. There can be no distinction in this respect between a positive invasion of another's right and the neglect of a manifest duty to another's injury. The eighth section of the chapter referred to, imposes a penalty on the inspector or his deputy for any neglect of official duty, and section 17 provides, that a moiety thereof shall go to the town where the offence was committed, and the other moiety to him or them who shall inform or sue for the same. This clearly shows that the penalty was not intended to secure the individual against loss, but to create in the officer an additional motive to fidelity.

It is insisted, that as the plaintiffs employed packers and coopers, the defendant is not liable for their want of skill or neglect; and that the barrels being furnished by the plaintiffs, they alone are to be affected by any loss occasioned by defects therein. " The inspector general and his deputies shall not, nor shall either of them, brand any packages of provisions, other than those which have been inspected and caused to have been weighed and packed as the law requires." Chap. 148, § 8. The case finds, that the defendant did brand the barrels containing the beef in question as the law requires. If he did not attend to every part of the business of cutting, weighing, packing, salting and coopering said beef with his own laborers and coopers, or such other laborers and coopers as he employed, and for whose conduct in said business he is accountable, he was guilty of a fraud upon the public, which we are not to presume. The branding the barrels was certainly *prima facie* evidence, that he took the responsibility imposed by law ; the legal inference to be drawn therefrom is, that all who aided in the business were employed by him ; and whether

they were his own laborers, or were furnished by the plaintiffs, is wholly immaterial. It was equally his duty to see that the barrels were in every way suitable for the purpose, so far as it could be done by an examination at the time they were used. If they were made of other materials and in another manner, than such as the statute requires, the Inspector has no more authority to pack in them beef or pork to be exported from the State, and affix on them the usual brand or mark, than to omit entirely any part of his duty in the business ; and in an action for the penalty, it would be no defence, that the packers, coopers, and barrels were furnished by the owner of the beef or pork, if the neglects of the laborers or defects of the barrels at any stage of the process were obvious on a careful examination. He having, by the official act of marking the barrels, declared that all the requisites of the statutes have been observed, the burden rests upon him to show, that he is not liable to the plaintiffs for any injury sustained by them in the article inspected.

If however any of the work was known to the plaintiffs at the time, to be other than what was proper, or if the barrels were such, that they must have been aware that they were unsuitable, and they did not object thereto, but yielded their assent to the whole, or if by any agreement or understanding between the parties, any part of the inspector's duty was dispensed with and thereby the loss took place, he would not be liable to those who had caused it. This question was substantially submitted to the jury under all the evidence in the case, and their verdict has settled the fact that there was no collusion between the parties, but that the plaintiffs relied upon the inspector, to have the beef packed and inspected according to law, and in all respects properly secured.

This action is to recover the damages alleged to have been sustained by the plaintiff by the neglect of the defendant in cutting, weighing, packing, salting and coopering the beef in question, after being requested, and for a consideration paid, having undertaken to do it according to law. To whatever cause the loss is attributable, whether to the unsuitable con-

Hayes *v.* Porter.

dition of the meat, when it was cut, and packed, to the want of sufficient salt or pickle, want of faithful coopering, or to an apparent defect in the barrels, any neglect in either particular is embraced within the allegations of the writ. Salting and packing are important parts of the operation and embrace many particulars. If the barrels were obviously unfit, the beef could not be packed and salted in the manner contemplated in the statute.

There was much evidence tending to show, that the injury took place from want of care or skill in the business intrusted to the defendant; and much also tending to show, that the loss was occasioned by a defect in the barrels, which could not be easily discovered, when they were used. The facts relied upon were important and were matter for the jury, on which they have passed, and their verdict is not so against the evidence as to justify the Court in interfering to set it aside.

*Exceptions and motion overruled.*