## TARDOS *v.* BOZANT, Inspector.

An inspector of pork is responsible personally, for want of ordinary diligence in the discharge of his official duties.

Where an inspector certifies that a quantity of pork is of a certain quality, he is personally responsible not only for its being so at the date of his certificate, but for its remaining so for the length of time during which the article is usually expected to continue in that condition, if properly taken care of; and the purchaser may recover from him the amount of any loss sustained, on a re-sale of the article, in consequence of its being of an inferior quality.

APPEAL from the Commercial Court of New Orleans, *Watts*, J. *L. Janin*, for the plaintiff. *Roselius*, for the appellant.

The judgment of the court was pronounced by

ROST, J. The plaintiff purchased seven hundred barrels of pork, certified to be prime inspected pork, and branded as such by the defendant, in his official capacity of inspector. The pork was shipped with the usual care and sent to New York, where it was landed in good order, after a voyage of twenty-one days, performed in fair weather and without accidents of any kind. Before its arrival it was sold by the plaintiff's correspondent at a certain price, to be paid on delivery, provided the quality corresponded with the certificate given by the defendant, and sent on with the bill of lading. On inspection, in New York, it proved to be all sour, and so inferior in quality that the purchaser refused to receive it. It remained on hand sometime, and was finally sold to other persons at a reduced price.

This action has been instituted to recover from the defendant the difference between the two prices, on the grounds of negligence in the inspection or repacking of the pork, and misrepresentation in the certificate. The case was submitted to a special jury of merchants, who gave a verdict in favor of the plaintiff for the sum claimed. The defendant moved for a new trial, which was refused, and, judgment having been entered in conformity with the verdict, he appealed. The record contains an exception taken by him to the charge of the judge, which is in these words: "The court in this case charges the jury that, the defendant was only liable for neglect, or fraud, or contravention of the the law. That, whether the neglect arose from unskilfulness, ignorance, inattention, or want of care, the defendant was equally liable. That the court considered that an inspector of beef or pork, when he gave a certificate that beef or pork was in a good and sound condition, was bound by such certificate to warrant, not only that the beef or pork was in a good and sound condition at the time the certificate was given, but that it should remain so for a reasonable and usual length of time, if the article was handled with proper care, and not improperly exposed. That our law did not fix any length of time during which the responsibility was to last, or terminate. That, in the

TARDOS
*v.*
BOZANT.

absence of any fixed rule, a responsibility would attach for such length of time as the nature of the article was usually expected to remain good. That, if the plaintiff has proved that the pork has been properly handled and taken care of, and it was found that the article was spoiled before the lapse of a reasonable and usual period, the defendant would be liable for any damage which might arise from the unsound condition of the article. That it was for the jury to say whether:

"1st. The article was unsound, on its arrival in New York.

"2d. Whether any circumstances had occurred which relieved the defendant from his liability from the certificate which he had given, and from the liability which he was under by law."

We consider this charge to the jury as containing a lucid and sound exposition of the law applicable to the case. One of the main advantages of the inspection of such commodities is, to give security to commerce, and to increase the confidence of purchasers abroad in the soundness of the provisions found in our market. If those objects are not attained, the heavy expense attending the inspection is incurred without adequate motive, and the only mode of securing them, is to hold the inspectors responsible for want of ordinary diligence in the discharge of their duties. In doing this, care must, of course, be taken that the security thus given to commerce, be not abused to the injury of inspectors. In this latitude, and especially for shipments made during the summer months, their responsibility should be limited to a shorter period than that established by the laws of New York.

In this case the jury have substantially found that, pork shipped with care and well stowed in New Orleans, between the 29th and the 31st of July, forming part of an assorted cargo of provisions, cotton and tobacco, and landed in good order in New York; after a prosperous voyage, on the 28th and 29th of August next following, could not have become sour during that voyage;[*] and that it must therefore either have been unsound when it was shipped, or, what is more probable, have been repacked too fast, and without proper care, after the inspection here. A careful perusal of the evidence has brought us to the same conclusions.

The amount of damages awarded by the verdict is authorized by the facts of the case, and there is nothing in the judgment which requires our interference.

*Judgment affirmed.*

---

[*] The pork was examined by an inspector, in New York, on the 3d of September. It had been examined by the defendant, in New Orleans, at the time of plaintiff's purchase.