Mr. Chief Justice Sharkey
delivered the opinion of the court.
This action was brought to recover damages for a breach of the official bond of defendant, given as clerk of the circuit court. The statute requires the clerks to give bonds, which may be put. in suit by any person injured. The condition of the bond is for the faithful performance of the duties of the office, and for seasonably recording the judgments, decrees, and orders of the court, &c. Hutch. Code, 432. Whatever, therefore, is a duty required by law, is covered by the condition; and a failure to discharge a duty which is required, is a breach of the bond, for which the injured party may recover damages commensurate to the injury.
The breach assigned is, a failure to place on the issue docket a suit commenced by the plaintiff at the preceding term, which was at issue, whereby plaintiff failed to obtain a judgment, and lost his debt by the insolvency of the defendant in the suit.
The defendant demurred to the declaration, and assigned causes; the demurrer was sustained, and to reverse that judgment, the writ of error is prosecuted.
The first act which requires a docket to be made out is found in the revised code. It e'xpressly requires the clerk, before every term of the court, to enter in a docket all causes, (and those only) in which an issue is to be tried, in the same order in which they stand in the proceedings. Rev. Code, 126, § 101. *394 The act of 1823 makes it the duty of the clerk, in making out his issue docket, to set causes for particular, days, and to issue subpoenas accordingly. Rev. Code, 247. The act of 1824 declares that the court shall take up the causes in their order, as they stand upon the docket. The act of 1825 makes it the duty of the clerk to make out a separate docket for state causes, which is to be taken up on motion of the district attorney. Hutch. Code, 737, 738. By these acts it will be seen that the clerk is bound to make out proper dockets. This is an important duty which can in no wise be omitted. Tt is indispensable as a guide to the court, which cannot otherwise proceed regularly in the mode prescribed by law. Not only is it important to the court, but to suitors also in various ways. To prepare a docket which shall contain, in their order, all the causes that properly belong to it, is a duty covered by the condition of the bond.
A further question is, Has the breach been well assigned! The assignment is made with great particularity, perhaps with more than is necessary. The plaintiff avers that he had instituted suit at a particular term, and describes the parties and the cause of action, which was brought to issue at the first term: that he was entitled to a trial at the next term, but the clerk omitted entirely to place it on the docket; that if it had been placed there, he would have obtained a judgment, but failed to do so in consequence of the neglect, whereby he lost his debt by the insolvency of the defendant in that suit, which he would not have done if h'e had obtained this judgment. The plaintiff seems to have brought himself fully within the rule for assigning breaches by stating specifically in what particular the brea'ch occurred, and how he was injured thereby.
But it is objected that the statutes are only directory, and that no suit can be maintained for a violation of the directions. The omission to discharge a duty prescribed by a'directory statute, may not vitiate the proceedings of the officer as to third persons, but certainly he is liable to any party injured by his failure.
Another objection taken on the demurrer is, that the plaintiff does not show a cause' of action in himself, Weaver being a *395 necessary party plaintiff. The suit] which was omitted to be docketed was in the name of Weaver for the use of the plaintiff. Weaver was but a nominal party to the first suit; the plaintiff was the party beneficially interested, and the party who has sustained the injury. Suits on these bonds must be brought by the party who has been injured; Weaver has sustained no injury, and is not a necessary party. The suit must be brought in the name of the governor, for the use of the injured party.
The other causes of demurrer relate to the certainty with which the breach has been assigned, and fall within the remarks on that subject. We are therefore of opinion that, in pleading, the plaintiff has set out a good cause of action.' Whether he can sustain it by proof, is a different question.
Judgment reversed, and cause remanded.