NICKERSON & al. *versus* THOMPSON.

An inspector of fish is bound to such thorough examination of the article inspected, as to become satisfied that it is of the quality and condition regarded by law, and designated by his brand.

He is not responsible, as upon a *warranty*, for the correctness of the brand which he places upon an inspected article.

But he is responsible for the possession and for the exercise of skill and care, sufficient for performing the duty, affixed by the statute to his office.

If an inspector affix his brand to an article, without knowing its condition, he is responsible for all injury occasioned thereby to a person, purchasing upon the credit of the brand.

In a suit against an inspector for an unskillful and unfaithful performance of his inspection-duties, it is not competent for him to prove the customary mode pursued by other inspectors, or that it is usual for inspectors to take bond of indemnity against a deficiency in the quality, or in the condition of the article branded.

ON EXCEPTIONS from *Nisi Prius*, SHEPLEY, C. J. presiding.

TENNEY, J., orally. — This is an action for damages alleged to have been sustained by the plaintiffs in consequence of the unfaithful and unskillful discharge, by the defendant, of his duty as an inspector, in inspecting and branding a quantity of barreled herrings, purchased by the plaintiffs. The jury found that the defendant had been guilty of the unfaithful and unskillful performance as charged. The plaintiffs purchased the herrings, the brand of the defendant having indicated them to be of a particular kind and quality.

The questions presented by the exceptions, arise upon certain instructions to the jury, and upon the exclusion of certain testimony.

The statute provides, c. 54, sect. 6, 7 and 8, that "every inspector who shall inspect any kind of fish," &c., "shall see that they are in the first instance well struck with salt or pickle, and preserved sweet, free from rust, taint or damage; and such of said fish as are of good quality and in good order, shall be packed," &c., "and the same shall be packed with clean and good coarse salt, at the rate of thirty-five pounds for every two hundred pounds of fish; each cask, thus packed and headed up, shall then be filled with clear, strong pickle. — Each cask, thus prepared, and the contents free from taint, rust or damage, shall be branded by the inspector with the name of the kind of fish contained in it;" * * * "none being allowed, under either mark, except such as are sweet and wholesome." Provision is then made in relation to the branding of the casks.

The plaintiffs complain *that* the defendant performed his duties unfaithfully; *that* by his brand he held out false assurances as to the quality and condition of the fish; *that* the

fish have turned out other than they were represented, and *that* the plaintiffs have, in consequence, sustained damage.

What then is the proper construction of the statute, and what the duty of an inspector ?

It is necessary that the inspector should have and should exercise skill and care, sufficient for performing the duties, prescribed by the statute. He is not responsible, as for a warranty, but he is responsible for the possession and for the exercise of the requisite skill and care.

The exceptions mention certain positions contended for by the defendant's counsel. It does not appear that any request was made for instruction upon those positions. The omission to instruct, under such circumstances, does not furnish ground of exception. The Court, however, does not mean to say, that there was any want of appropriate instructions.

The instructions given were, *that* " the duty of the inspector was prescribed by the statute ; *that* the intention of the law was to have the inspector's brand correctly state the quality and condition of the fish at the time of the inspection, so that sellers and purchasers might be relieved from opening and examining the fish to ascertain those facts ; *that* the defendant was bound to perform the duties required by the Act *skillfully* and *faithfully*, and that if he had done so, the verdict should be in his favor, but, that if he had *negligently*, *unskillfully* or *unfaithfully* performed them, the verdict should be for the plaintiffs ; *that* if the defendant, without knowing the condition of the fish, had placed his brand on the barrels he would be liable ; *that*, although the defendant under the circumstances might not be bound to empty every barrel and repack them, yet he was bound, by emptying the barrels, or otherwise, to make so thorough an examination as to become satisfied, that the fish were really of the quality and in the condition required by law and designated by his brand.

In none of these instructions does the Court perceive that there was any error.

Certain rulings, excluding portions of the testimony, were excepted to. The defendant proposed to prove the customary mode of inspecting fish. Such evidence, we think, was properly excluded. It could be no protection to the defendant, to show how other inspectors had performed their duties. Though they may have been remiss, the law, and not their practice, was the rule to guide the defendant.

The defendant also excepts, because evidence was excluded of a custom among inspectors, to take an indemnity against fish proving otherwise than represented by the brand.

This exclusion was proper. The taking of such an indemnity could not relieve the inspector from liability to the purchaser, who would have a right to suppose that the inspector's duty was faithfully performed.

Whether such a bond, to indemnify the inspector for negligence in duty, could have any validity, need not now be discussed.                                    *Exceptions overruled.*

*A. Hayden*, for the plaintiffs.

*D. T. Granger*, for the defendant.

