JOSEPH STRICKFADEN

*v.*

LORENZ ZIPPRICK.

1. NEGLIGENCE—*contributory—in what actions the question of—does not arise.* In an action on the case, against an officer, to recover damages for his willful neglect to perform an imperative duty imposed upon him by statute, the question of contributory negligence can not arise.

2. SAME—*malice—in such cases—question of—unimportant.* And in actions of this character, the question of malice is unimportant, except as bearing upon the question of damages.

3. SAME—*of the gravamen of the action.* In such cases, the gravamen of the action is not the wrongful act; but the neglect to perform an imperative duty, and the good faith with which the defendant acted, or failed to act, can not be considered.

4. PRACTICE—*exceptions to instructions—when presumed to have been taken in due time.* Where an exception to an instruction appears in regular order upon the record, immediately following the instruction excepted to, this court will presume that such exception was taken at the time the instruction was given.

APPEAL from the Circuit Court of Tazewell county; the Hon. CHARLES TURNER, Judge, presiding.

The opinion states the case.

Messrs. PRETTYMAN & RICHMOND and Mr. W. F. HENRY, for the appellant.

Mr. C. A. ROBERTS and Mr. N. W. GREEN, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

We have confined our attention chiefly to the fifth error assigned by the plaintiff, and that is, the court gave improper instructions for the defendant.

The action was case, for willfully neglecting to return the road tax assessed against the plaintiff, and which he had fully paid by labor on the highways, of which the defendant was commissioner, by means of which the plaintiff was coerced to pay it a second time, and that, too, by a forced sale of property.

This being the nature of the case, it is clear, the question of contributory negligence could not arise, and did not arise, in the case. The plaintiff, having nothing whatever to do with the failure of the officer to perform his duty, could, by no possibility, contribute to his negligence. Instructions numbered 3, 5 and 7, given for the defendant, should, therefore, have been refused.

It is further objected, by the plaintiff, that the defendant's sixth instruction was erroneous. It is as follows:

" In this case, the plaintiff complains of the defendant of an act done willfully, maliciously, corruptly and wrongfully by defendant, resulting in a damage to plaintiff, for which the suit is brought, and to recover, the plaintiff must show, by preponderance of evidence, something more than mere negligence on the part of the defendant, in committing the act complained of."

. In the view we have taken of the case, the question of malice was unimportant, except as bearing upon the question of damages.

The defendant objects, that the record does not show at what time the exception was taken. As it appears in regular order upon the record, immediately following the instructions, this court will intend that the exception was taken at the time the instructions were given.

As to the modification of plaintiff's instructions, we are of opinion the court erred in striking out the words, " The plaintiff may recover although the defendant acted in the utmost good faith." The defendant was charged with a violation of a plain and imperative duty for which the good faith with which he acted, or failed to act, is not an element to be considered in the case.

So, too, the court erred in inserting in the second, third and fourth instructions, the words, " wrongful act," as the gravamen of the action was not the wrongful act, but for his willful neglect in refusing to act in obedience to the imperative command of the law. The action of the defendant, which the law required him to perform, was to mark on his list, against the plaintiff's land assessed for road tax, the word "paid." It was for non-action the action was brought,—not for a wrongful act.

The judgment is reversed and the cause remanded.

*Judgment reversed.*