SAGE v. LAURAIN ET AL.

---

## Michael Sage v. Joseph Laurain et al.

*Highway Commissioners : Alleged malice in laying out a highway.* No action will lie against Highway Commissioners for laying out a highway, while they are acting within their jurisdiction and violate no law.

*Heard July 10. Decided October 5.*

Error to Wayne Circuit.

This was an action of trespass on the case brought by Michael Sage against Joseph Laurain, Michael Markey and Thomas Sullivan, who were Highway Commissioners of the township of Springwells, for an alleged malicious exercise of their power in causing a petition to be brought before them as such Commissioners for the laying out of a high-

19 MICH.—R.

way and acting upon such petition with the intention of injuring and oppressing the plaintiff. On the trial the defendants' counsel requested the Court to charge the jury:

*First*—That the declaration in this case is against the defendants in their official character as Highway Commissioners, and plaintiff cannot recover without proving that each and all of them knew and believed that there was no public necessity for opening the road in question; and that each and all of them were actuated by malice in their action. The Court charged as requested, with this modification, that at least two of them must have so believed and been actuated by malice.

*Second*—That if the jury find that Mr. Sullivan, one of the Commissioners, acted without probable cause, and from actual malice, yet if the other Commissioners did not so act, the verdict must be for the defendants. The Court charged as requested.

To each of which charges as given, plaintiff excepted.

The jury rendered a verdict for defendants, and the cause was brought into this Court by writ of error.

*H. M. Cheever*, for plaintiff in error.

But a single question is involved in this case. The action was for damages for malicious proceedings at various times in opening a highway over land of plaintiff in error. The Court charged that plaintiff could not recover against one of the defendants, but that the jury must find that at least *two* of them acted "maliciously," and without "probable cause." The general principle as to "malice" and a "want of a probable cause" being necessary, was conceded. The general rule governing actions of tort—that a verdict might be against one or all of the defendants, is not disputed; but it was insisted that this action was against defendants in their official character as Highway Commissioners, and as the concurrent action of *two* of

them was necessary to perfect an official act, the jury must find that at least *two* of the defendants were actuated by "malice," and had "no probable cause for their action." We think this position is untenable.

1. The action was *not* against defendants in error in their official character, but as individuals. The summons named them as individuals, only. The declaration uses the term "Highway Commissioners" only as *descriptio personæ*, and designating an office, any incumbent of which, had the legal power to do an act, the doing of which *was*, in this instance, and under the peculiar circumstances of this case, by the defendants, alleged to be illegal.

2. If the action was against them in their official character, the general rule in actions of tort applies to this case, and the verdict may be against one or all of defendants. In a case for malicious prosecution against the plaintiff, the Justice and the Constable; the action may be said to be against the Justice and the Constable in their official character. The Constable may justify under legal process. The Justice may show an entire absence of "malice" and of a knowledge of a "want of probable cause" on his part, and judgment may be against the remaining defendant.—*2 Hill. on Torts, Chap. 20 ; 1 Hill. on Torts, p. 464, §10 and note ; Hall v. Suydam, 6 Barb. 83.*

This fact of there being no "public necessity," etc., was known, or was not known, to *each* of the defendants. *Each* was, or was not, actuated by "malice" in the proceedings. There was *no official* malice. Both the necessary elements to constitute the tort were to be found, if existing, in the *individual*, and the fact that the individual used his office to effect his purpose, (in connection with others), would not divest him of individual responsibility.—*Blackburn v. Baker, 7 Port. 284 ; Cooper v. South, 4 Taunt. 802 ; Wilderman v. Sandusky, 15 Ill. 59 ; Gottloff v. Henry, 14 Ill. 384 ; See also, 2 Hill. on Torts, p. 462–471.*

*Chas. I. Walker*, for defendant in error.

I.  The plaintiff in error, who was plaintiff below, was not entitled to recover upon the counts in his declaration, and, therefore, if there was error in the charge of the Court, the plaintiff is not entitled to any benefit therefrom, as it did him no injury.

The declaration is against the defendants, as Commissioners of Highways for the town of Springwells, and avers, substantially, that without any reasonable cause therefor, they maliciously laid out a highway through the land of the plaintiff, which laying out was subsequently reversed or set aside. The Commissioners, in laying out a highway act judicially, and it is not averred or claimed that they acted without their jurisdiction. They are, therefore, protected by an ancient and important rule of law.— *Wall v. Trumbull, 16 Mich. 235; Yates v. Lansing, 5 John. 291; 2 Hilliard on Torts, 170 to 195.*

II.  The action complained of, is the malicious action of the Commissioners of Highways *as a Board*. The plaintiff, therefore, to sustain his declaration, was bound to prove the malice of the Board as an entirety. The separate malice of each individual was not the thing complained of, and if proved did not authorize a recovery. If the charges given in this case were erroneous at all, we submit that such error is in favor of the plaintiff, and is one of which he cannot complain.

III.  The declaration charges that the act complained of was the act of the entire Board. The act would have been valid if but two of them had concurred therein.

Under the charge the jury must have found that not more than one of the Commissioners was guilty of malice. The question therefore raised by the charge is simply this: If a Board consisting of three, all join in laying out a road without probable cause, but two of them act without

malice, can the third one who acts with malice, be charged with the consequences of the action of the whole Board? He could not, acting alone, have laid out the road. The laying out would have been valid without his action. How then can it be said that the road was laid out because of his malice.

Campbell J.

Defendants, who are Highway Commissioners were sued for having "falsely, wrongfully and maliciously, without any reasonable cause therefor and without the public necessity requiring it" caused a petition to be prepared and presented to them for a public highway over the property of plaintiff, and without reasonable cause or public necessity etc., determined that a highway should be opened and recorded; and that their proceedings were subsequently reversed.

The injury complained of is not a trespass on plaintiff's lands under void proceedings. For such a trespass some one would be liable, but whether any but the actual trespasser, might depend upon circumstances.

The injury complained of here is althogether incorporeal, and consists in nothing but the wrong which plaintiff supposed himself to have suffered by proceedings which he alleges were carried on to vex him, but which never caused any injury to his freehold, and were reversed without being carried into effect.

The case is entirely without precedent and cannot be maintained on any theory. So long as they do not violate the law, the motives, and discretionary action of these Executive Boards cannot be reviewed collaterally. If, in due form of law, they declare a highway necessary, no Court or jury can declare it unnecessary, unless upon an appeal such revisory power is given. The public interests which they are required to administer cannot be governed by the

discretion of any one else. And no one can have a cause of action, for any act that is done in pursuance of law. It is only where law is violated that an action will lie, and then it will only lie for some actual injury. And even where an actual wrong is done, it must be a legal wrong and there can usually be no remedy where it would involve the review of discretion which is lawfully vested. There must be what is generally termed an excess of jurisdiction,—an act outside of the limit of the discretion vested by law. Courts have not always agreed in determining when these limits have been exceeded, but the principal is familiar and settled.

In the present case the acts charged were all within the statutory duty of the Board, and purely discretionary. The declaration shows, that for all that was done toward declaring and establishing a highway, the plaintiff has already found an adequate remedy by appeal. But as the land was not trespassed upon unlawfully, there has been no actual injury, and none is described or claimed, and of course there can be nothing to warrant an action. The law cannot remedy imaginary or theoretical grievances.

The declaration shows no cause of action, and the judgment was properly rendered against the plaintiff.

Judgment affirmed with costs.

The other Justices concurred.