FREDERICK RAYNSFORD v. THEODORE I. PHELPS.

*Damages for injury from false return by tax-collector.*

A public officer is liable to private individuals for injuries resulting to the latter from his failure to perform ministerial duties in which the latter have a special and direct interest. He is also liable for a failure to perform duties of a judicial nature, if he neglects them maliciously.

One who had purchased the equity of redemption of certain mortgaged lands, after a tax had been assessed thereon, had certain personal property on the land, but the tax collector falsely returned *nulla bona*, and the tax became a lien on the land from which the owner of the mortgage had to redeem after foreclosure.

*Held* that the latter had a right of action at common law against the collector for injury resulting to him in being compelled to redeem from the tax sale.

A law prescribing who shall be liable for the payment of taxes, and whose property may be levied on therefor, impliedly forbids the tax collector to seize the property of others, or by act or omission make the tax a charge on it, and the owner is at liberty to buy and sell in reliance upon the officer's implied duty toward him and to understand that the latter is not protected by his commission unless he keeps within the powers given by it.

Taxes can generally be enforced only by the statutory remedies, and payment made by the mortgagee of land does not necessarily give him a right of action as against the mortgager as for money paid to his use, since the mortgagee would not have been personally liable for the payment of the tax, and the mortgager's failure to pay it would only have rendered the property subject to seizure while the warrant was good for their collection.

Error to Kent. Submitted April 14. Decided April 21.

Trespass on the case. Plaintiff brings error.

*C. G. & W. W. Hyde* for plaintiff in error. One who is individually injured by a violation of official duty has a remedy concurrent with the public prosecution for such violation, Cooley on Torts 7, 81;. *Plumer v. Smith* 5 N. H. 554; *Boston etc. R. R. Co. v. Dana* 1 Gray 83; *Pettingill v. Rideout* 6 N. H. 454; *Cross v. Guthery* 2 Root 90; *Patton v. Freeman* 1 Coxe 113; *Piscataqua Bank v. Turnley* 1 Miles 312; *Story v. Hammond* 4 Hammond 376; *Lofton v. Vogles* 17 Ind. 106: 14 Am. Dec. 245; a ministerial officer charged by statute with the performance of a certain duty in which an individual has a special interest, is liable if he omits it, *Clark v. Miller* 54 N. Y. 534; Cooley's Liability of Public Officers 3 S. L. Rev. 531; Shearman's Redf. Neg. § 156; 1 Addison on Torts 30; *Lane v. Cotton* 1 Salk. 17; *Henly v. Mayor of Lyme* 5 Bing. 91; *Keith v. Howard* 24 Pick. 292; *Adsit v. Brady* 4 Hill 630; *Hutson v. Mayor* 9 N. Y. 169; *Robinson v. Chamberlain* 34 N. Y. 389; *Kendall v. United States* 12 Pet. 524; *Farr v. Thomson* 11 Wall. 139; *Reed v. Conway* 20 Mo. 22; *Kendall v. Stokes* 3 How. 87; a township treas-

urer is liable for a false return, Cooley on Taxation 196; and for taking one's property for another's tax, *Henry v. Gregory* 29 Mich. 69; and for failing to account for the surplus after selling property for more than the tax, *Blanchard v. Dow* 32 Me. 557; an assessor is liable to one injured by an illegal assessment (*Mygatt v. Washburn* 15 N. Y. 316; *Clark v. Norton* 49 N. Y. 246; *Freeman v. Kenney* 15 Pick. 44; *Lyman v. Fiske* 17 Pick. 231) even if he acted by authority, *Stetson v. Kempton* 13 Mass. 272.

*Simonds & Fletcher* for defendant in error. Townships and township officers are not liable for injury to an individual caused by neglect to keep the highways or other township property in safe condition, *Detroit v. Blackeby* 21 Mich. 24; *Hill v. Boston* 122 Mass. 344; *Young v. Com'rs* 2 N. & McC. 537; *Bartlett v. Crozier* 17 Johns. 439; *Lynn v. Adams* 2 Ind. 143; *Dunlap v. Knapp* 14 Ohio St. 64; a highway commissioner was not accountable for maliciously deciding on the necessity of a highway across a man's premises, *Sage v. Laurain* 19 Mich. 137.

COOLEY, J. It was decided in *Rowning v. Goodchild* 2 W. Bl. 906 that a public officer having ministerial duties to perform, in which a private individual has a special and direct interest, is liable to such individual for any injury sustained by him in consequence of the failure to perform such duties. It was an officer connected with the postal service who was held liable in that case, and the decision is followed in this country. *Teall v. Felton* 1 N. Y. 537; s. c. in error, 12 How. 284. Election officers have been held liable on the same ground (*Ashby v. White* Ld. Raym. 938: 1 Salk. 19; *Lincoln v. Hapgood* 11 Mass. 350; *Jeffries v. Ankeny* 11 Ohio 372); and so have commissioners of highways (*Hover v. Barkhoof* 44 N. Y. 113; *Hathaway v. Hinton* 1 Jones N. C. 243); and so have inspectors of provisions (*Hayes v. Porter* 22 Me. 371; *Nickerson v. Thompson* 33 Me. 433; *Tardos v. Bozant* 1 La. Ann. 199); and so have tax and other officers

(*Amy v. Supervisors* 11 Wall. 136; *Tracy v. Swartwout*
10 Pet. 80; *Brown v. Lester* 21 Miss. 392; *Bolan v. Williamson* 1 Brev. 181). It is immaterial that the duty is
one primarily imposed on public grounds, and therefore
primarily a duty owing to the public: the right of action
springs from the fact that the private individual receives
a special and peculiar injury from the neglect in performance, which it was in part the purpose of the law
to protect him against. It is also immaterial that a
failure in performance is made by the law a penal offense.
*Hayes v. Porter* 22 Me. 371. The exceptions are of those
cases in which the functions of the office are judicial,
or partake of the judicial. *Sage v. Laurain* 19 Mich. 137;
*Goetcheus v. Matthewson* 61 N. Y. 420; *Bevard v. Hoffman*
18 Md. 479; *Harrington v. Commissioners etc.* 2 McCord
400. But even in these cases the officer is responsible
if he acts maliciously. *Gordon v. Farrar* 2 Doug. (Mich.)
411; *Bennett v. Fulmer* 49 Penn. St. 157; *Gregory v. Brooks*
37 Conn. 365; *Strickfaden v. Zipprick* 49 Ill. 286.

The principle is as familiar as it is sound. It is
nevertheless insisted that the present case is not within
it. Tax collectors, it is truly said, are chosen because
the machinery of government must be kept in motion,
and to that end it is essential that the public revenue
should be collected. They are chosen, therefore, and
their duties imposed on public grounds, not on private.
If through any negligence on the collector's part the
State loses a portion of its dues, the officer is responsible to the State for the loss; but it is denied that he
owes any duty to individuals, except to abstain, as every
citizen must, from committing trespasses on their rights.
The question of negligence in the performance of public
duties must always concern the public only.

But conceding that the law creates the office of collector in order that public revenues may be collected, it
does not follow that it leaves that officer at liberty to
disregard private interests in their collection. When the
law prescribes who shall be liable for the payment of

taxes, and whose property may be levied upon therefor, it at the same time by implication forbids the officer to seize upon the property of others, or by act or omission make the tax a charge upon such property. The implied prohibition creates a duty in favor of the person whose property is the subject of it, and he is at liberty to buy and sell in reliance upon the duty being performed. He has a right to understand that the officer is commissioned by the law to act only with due respect to the rights of individuals, and that if he acts otherwise and causes special injury, he disobeys his commission and is not within the protection the commission might otherwise give.

The plaintiff owned a mortgage on lands on which a tax was assessed for the year 1874. A warrant was issued for the collection of this tax, and was placed in the hands of defendant for service. The plaintiff's case is that during the life of this warrant, and while the defendant held it, there was personal property upon the land, belonging to one French, who had purchased the equity of redemption after the first Monday of May and before the first Monday of December of that year, from which it was the duty of defendant under the express provisions of the statute to make collection. Comp. L., § 1006. Instead of performing this duty he falsely made return of no goods, whereby the tax became established as a lien upon the land, and the land was sold for its satisfaction. Meantime the plaintiff had foreclosed his mortgage and become owner of the lands, and was compelled to redeem from the tax sale.

Is the plaintiff wronged by this false return? We think he is. It was his legal right that the goods of French should be sold to satisfy the tax, and the law always intends that legal rights shall be respected. Moreover he alone suffered injury from the false return. The public suffered nothing, for the lien on the land remained and was enforced, and the only injurious consequence of the misfeasance in public office was that the

tax was collected from one man when the command of the law was that it should be collected from another.

If there is no wrong without a remedy, then it would seem that this action should be supported, for the defendant is the only wrong-doer. It may be suggested that the plaintiff might have a cause of action against French for money paid to his use; but this is not clear. The statute does not make the purchaser of land under such circumstances personally liable: it only renders his property subject to seizure during the life of the tax warrant. Payment by defendant did not release the property of French, for it was released by the neglect of the officer which is complained of in this suit. The general rule is that taxes can only be enforced by means of the statutory remedies. *Crapo v. Stetson* 8 Met. 393; *Shaw v. Peckett* 26 Vt. 482; *Camden v. Allen* 26 N. J. L. 399; *Packard v. Tisdale* 50 Me. 376; *Carondelet v. Picot* 38 Mo. 125. But whether or not the rule applies here is immaterial, as this action in either case is well grounded in common law principles.

The judgment must be reversed with costs, and the cause remanded, with leave to defendant to withdraw his demurrer and plead on payment of the costs of demurrer.

The other Justices concurred.