McDOWELL *v.* STATE HIGHWAY COMMISSIONER.

1. STATUTES—REPEAL—COURTS.
   The judiciary has no right or power to repeal statutes.

2. TORTS—GOVERNMENTAL IMMUNITY—STATES.
   The State highway commissioner is not liable for negligence in maintaining highway alleged to have resulted in injuries to plaintiffs through his failure to remove an accumulation of water from a State trunkline highway which was permitted to freeze into a sheet of ice dangerous to traffic, where the legislature's abolition of the defense of governmental immunity from liability has been so modified as to render the State immune again for such tort (CL 1948, § 691.141).

3. COSTS—STATE TRUNKLINE HIGHWAY—NEGLIGENCE.
   No costs are allowed in action to recover damages allegedly caused by negligence of the State in maintaining a State trunkline highway.

Appeal from Court of Claims; Quinn (Timothy C.), J., presiding. Submitted April 6, 1961. (Docket Nos. 25, 26, 27, Calendar Nos. 48,757, 48,758, 48,759.) Decided December 28, 1961.

Three companion cases by Irene McDowell, Irene McDowell as next friend of Larry Gibson, a minor, and Frank McDowell against John Mackie, State Highway Commissioner, State Highway Depart-

REFERENCES FOR POINTS IN HEADNOTES
[1] 50 Am Jur, Statutes § 219.
[2] 25 Am Jur, Highways §§ 602–604.
   Personal liability of public official for personal injury on highway. 40 ALR 39, 57 ALR 1037.
[3] 14 Am Jur, Costs § 37.

ment, and the State of Michigan, for injuries sustained in automobile accident caused by defective condition of highway.   Cases consolidated and dismissed on motion.   Plaintiffs appeal.   Affirmed.

*Paul V. Gadola, Jr.,* for plaintiffs.

*Paul L. Adams,* Attorney General, *Samuel J. Torina,* Solicitor General, and *Bert Burgoyne,* Assistant Attorney General, for defendants.

Black, J. *Williams* v. *City of Detroit,* 364 Mich 231, handed down September 22d, foretold the result of these suits.   By separate opinion in that case it was made clear that the Court had overruled, prospectively, the rule of immunity—from tort liability —of *municipal corporations;* no more and no less.

"We are *not* considering today—as the opinions of both Brothers suggest—'the doctrine of governmental immunity.'   That doctrine includes within its purview the State and 'its departments, commissions, boards, institutions, arms or agencies.'   See the court of claims act, CL 1948, §§ 691.101 through 691.122 (Stat Ann 1959 Cum Supp §§ 27.3548[1]– 27.3548[23]).   We *are* considering the common-law rule that *municipal corporations* are immune from tort liability.   'Municipal corporations' are distinctively definable (see *Hall* v. *Ira Township,* 348 Mich 402, and *Bacon* v. *Kent-Ottawa Metropolitan Water Authority,* 354 Mich 159), and care should be taken that today's decision is confined thereto.   No lawyer should be left to wonder whether other public bodies are included within the scope of what we do in this case of Williams."   (*Williams* v. *City of Detroit, supra,* at page 278.)

By these statements of claim plaintiffs attempt to hold a department of the State, and so the State, responsible in damages for a tort.   No question of

abatement of a nuisance, or of other relief a court of equity might properly grant (see for example *Hunt v. State Highway Commissioner,* 350 Mich 309), is or could be before us on review of these judgments of the court of claims.

The respective statements of claim, now before us, aver the tort alternatively by 2 separate counts. The first count alleges that the State highway department was actionably negligent in failing to remove or drain "a large pool of water" from the surface of trunkline highway US-10 with result that the pool froze into a traffic-dangerous sheet of ice. The second count alleges that the same failure created and continued a public nuisance. Each count sets forth that the plaintiff suffered personal injury or consequential damage on account of such negligence or nuisance.

On motion of the attorney general, the court of claims dismissed all such statements of claim, assigning immunity of the defendants from liability. This unitary appeal followed.

The attorney general has clearly and tersely put in words the mandatory reason for affirmance of these judgments. Having quoted a relevant part of the opinion of *Mead* v. *Michigan Public Service Commission,* 303 Mich 168, 173, he says in his brief:

"The legislature has received, considered, and acted upon such recommendations in the past, as is demonstrated by the enactment of PA 1943, No 237, and by the enactment of PA 1945, No 87*. By these acts the defense of sovereign immunity was first abolished and then restored except as to causes of action based upon negligent operation of State-owned motor vehicles. * * * However, the doctrine of sovereign immunity which presently exists in Michigan is not the archaic, obsolete, 'king can do no

---

* See CL 1948, § 691.141 (Stat Ann 1959 Cum Supp § 27.3548 [41]).—REPORTER.

wrong' edition of 1066, but consists of a pattern of deliberate legislative choices which achieved its present form, so far as the State itself is concerned, by the enactment of PA 1945, No 87, and the amendment thereof by PA 1960, No 33. Since PA 1960, No 33, took effect after the events which gave rise to these actions, that act cannot serve to establish or abolish rights with respect to appellants herein. However, the fact that the legislature amends a statute in 1960 does show that the legislature is giving continuing consideration to, and acting with respect to, the doctrine of sovereign immunity. If the express reestablishments of the doctrine of sovereign immunity by the legislature in 1945 is obsolete, illogical, harsh, cruel, et cetera, then the legislature should be called upon to modify or abolish the doctrine.

"So far as the State itself is concerned, the doctrine of sovereign immunity as it presently exists in Michigan is a creature of the legislature. The doctrine has been modified by the legislature, abolished by the legislature, re-established by the legislature, and further modified by the legislature."

The judiciary has no right or power to repeal statutes. As said by the attorney general, the legislature has willed that the present defendants be and remain immune from liability for torts such as these plaintiffs have alleged. There they must stand, legally, until the legislature wills to the contrary.

I vote to affirm, without an award of costs.

DETHMERS, C. J., and CARR, KELLY, and KAVANAGH, JJ., concurred with BLACK, J.

EDWARDS, J. (*concurring*). Plaintiffs in these cases were injured in an accident which occurred on highway US-10 in Genesee county. The essence of the action stated in 2 alternative counts is plaintiffs'

claim that defendants were negligent in allowing a pool of water and ice to form on the highway, or in failing to remove same. The actions were filed in the court of claims and dismissed there by Circuit Judge Quinn on the grounds of governmental immunity. Judge Quinn held that both counts essentially stated tort actions against agents of the State of Michigan. We agree with Judge Quinn in holding that these actions as stated in both counts are ordinary tort actions, and further that as of the time of their occurrence they were barred by the defense of governmental immunity. See *Williams* v. *City of Detroit,* 364 Mich 231.

While this is all which needs be said to dispose of these cases, the discussion of a purported difference between the position of the State and the position of a municipality as to governmental immunity moves us to quote the language which is actually relied on in this regard:

"Section 24 of Act No 135 of the Public Acts of 1939, as amended by Act No 237 of the Public Acts of 1943, is hereby repealed." PA 1945, No 87 (CL 1948, § 691.141, note [Stat Ann 1959 Cum Supp § 27-.3548(42)]).

By this statute, the legislature repealed PA 1939, No 135, § 24, as amended by PA 1943, No 237, the amendment being a legislative grant of the right of maintaining tort actions against the State. By enactment of this statute, the legislature moved to abolish the judicial doctrine of governmental immunity. By repealing this statute, the legislature returned to its prior posture which was no statutory provision on the subject whatsoever.

It is now proposed that the citizens of this State should be held to be barred from maintaining tort actions against the State by 2 statutory enactments

which achieved utter negation.   The undersigned cannot agree to such logic.

Affirmed.   No costs.

Souris, J., concurred with Edwards, J.

Otis M. Smith, J., took no part in the decision of this case.