LESTER *v.* MORENCI AREA SCHOOLS #10.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE—SCHOOL DISTRICTS—
   GOVERNMENTAL IMMUNITY FROM ORDINARY TORTS.

   The question of whether or not school district had waived its
   governmental immunity from liability for ordinary torts at
   least to the extent of its insurance coverage is not considered
   by the Supreme Court on appeal from order dismissing, as to
   school district, an action by pupil against school district and
   others for injuries she sustained on school grounds during
   recess time, where declaration did not contain allegation that
   the school district carried liability insurance, the declaration
   was not amended, the question was not before the trial court,
   and the trial judge did not attempt to rule thereon.

2. SCHOOLS AND SCHOOL DISTRICTS—GOVERNMENTAL IMMUNITY—
   PUPIL INJURED ON SCHOOL GROUNDS.

   The doctrine of governmental immunity as to ordinary torts in
   effect at time pupil was injured on school grounds during recess
   time precluded recovery from school district therefor.

Appeal from Lenawee; Martin (Rex B.), J.   Submitted January 12, 1962.   (Docket No. 90, Calendar No. 49,184.)   Decided March 15, 1962.

Case by Nancy Ann Lester, by her next friend, Faye Lester, against Morenci Area Schools # 10, a consolidated school system, Harriett Hartman, and others for injury sustained on school playground. Dismissed as to school district on motion.   Plaintiff appeals.   Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 3 Am Jur, Appeal and Error § 246.
[2] 47 Am Jur, Schools § 57.
   Tort liability of schools.   160 ALR 7.

*Yale Leland Kerby,* for plaintiff.

*Baker, Hammond & Baker,* for defendant school district.

Adams, J. Plaintiff declares that Nancy Ann Lester was severely injured while in attendance at school and while playing on the school grounds during recess time. A motion was filed to dismiss as to the Morenci Area Schools on the ground that under the doctrine of governmental immunity and the facts alleged, there was no liability on its part. The motion was granted. This appeal is taken therefrom.

Plaintiff would now raise the question as to whether or not the circuit court erred because plaintiff now contends that the defendant school district carried liability insurance and had therefore waived its governmental immunity at least to the extent of the insurance coverage. Declaration was filed on December 27, 1960. Motion to dismiss was filed January 23, 1961, heard February 6th, and decided February 23, 1961. Nowhere in the declaration is it alleged that the defendant school district carried liability insurance and therefore waived its governmental immunity.

No attempt was made to amend the plaintiff's declaration to contain such allegations. Ample opportunity was afforded by Michigan Court Rule No 26, § 1 (1945), which provides:

"Sec. 1. A plaintiff may at any time before answer is put in, or within 15 days thereafter, amend his declaration or bill of complaint, and a defendant within 15 days after his answer is put in may amend same, without leave of court and without costs."

Since the question was never before the trial court, he did not attempt to rule thereon, nor, under the state of the record before us, do we.

We need not concern ourselves with the extent to which the doctrine of governmental immunity from ordinary torts may have been altered by *Williams* v. *City of Detroit*, 364 Mich 231, decided September 22, 1961, or by *McDowell* v. *State Highway Commissioner*, 365 Mich 268, or other recent cases dealing with that doctrine. It was still in effect on February 1, 1956, when the injury in this case occurred.

The trial court did not err.

Affirmed. Costs to appellee.

KELLY, BLACK, KAVANAGH, SOURIS, and OTIS M. SMITH, JJ., concurred with ADAMS, J.

DETHMERS, C. J., and CARR, J., concurred in result.