STEVENS *v.* CITY OF ST. CLAIR SHORES.

1. INSURANCE—INSURER AS PARTY IN TORT ACTION.

Motion to dismiss actions which arose by reason of 6-year-old child's injuries received while sliding down hill on land of school district was properly dismissed as to defendant casualty insurer of defendant school district in view of statute prohibiting the making of an insurer a party in such action and barring reference to such insurer or the question of carrying such insurance during the course of trial (CLS 1956, § 500.3030).

2. SCHOOLS AND SCHOOL DISTRICTS—PLEADING—PRINCIPAL.

Declarations in actions which arose by reason of 6-year-old child's injuries received while sliding down hill on land of school district that had been partially prepared for use under supervision of the city recreation department *held,* to have failed to state a cause of action as to defendant school principal.

3. SAME — MUNICIPAL CORPORATIONS — GOVERNMENTAL IMMUNITY — TORTS.

Order granting motions to dismiss by defendant school district, city, and latter's recreational director *held,* properly entered in *actions arising from* injuries received by 6-year-old child on land of school district that had been partially prepared for use under supervision of the city recreation department, where motions to dismiss interposed defense of governmental immunity, and event occurred prior to repudiation of doctrine of governmental immunity by *Williams* v. *City of Detroit,* 364 Mich 231.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 29A Am Jur, Insurance §§ 1485–1488.

Joinder of cause of action against party causing injury with cause of action against latter's insurer or indemnitor. 7 ALR 1003.

[2, 3] 47 Am Jur, Schools §§ 56–61.

Tort liability of public schools and institutions of higher learning. 160 ALR 7.

Personal liability of public school officers, or teachers, or other employees for negligence. 32 ALR2d 1163.

Appeal from Macomb; Noe (Alton E.), J. Submitted October 13, 1961. (Docket Nos. 77, 78, 79, 80, Calendar Nos. 49,042, 49,043, 49,262, 49,263.) Decided May 17, 1962.

Case by Terri Stevens, by her next friend, Milton Stevens, against the City of St. Clair Shores, a municipal corporation, Lakeview School District, George F. Kaufman, and Franklin Hermann for personal injuries sustained on playground while coasting on sled. Derivative suit by Milton Stevens, also naming as defendant the Fidelity & Casualty Company of New York, casualty insurance carrier of the defendant school district. Action against defendants school district, its insurer, and Hermann dismissed on motion. Plaintiffs appeal. Action against defendants city and Kaufman dismissed on motion. Plaintiffs appeal. Causes and appeals consolidated. Affirmed.

*L. Edwin Wenger* (*S. Gerald Gorcyca,* of counsel), for plaintiffs.

*Neale & Steeh,* for defendants Lakeview School District and Fidelity & Casualty Company of New York.

*Cary, BeGole & Martin,* for defendant city of St. Clair Shores.

*Nunneley & Nunneley* (*William H. Nunneley,* of counsel), for defendant Hermann.

Carr, C. J. These cases were dismissed in circuit court on motions filed by the defendants, and plaintiffs havé appealed from the orders entered. For purposes of submission here the appeals have been consolidated. The amended declaration of plaintiff

Terri Stevens averred that on the 31st day of January, 1960, she was injured while playing on a so-called sled hill on a playground in defendant city that had been partially prepared for use under the supervision of the city recreation department. The playground was located on the property of the defendant school district in proximity to the Princeton school, of which defendant Hermann was the principal. Defendant Kaufman was recreation director of the city of St. Clair Shores.

At the time of the injury, plaintiff, as indicated by her pleading, was 6 years of age. In sliding down the hill she apparently lost control of her sled, which struck a steel post on which a "keep-off" sign was placed. As a result serious injuries were claimed to have been sustained. The pleading further set forth that the defendants were negligent in failing to exercise reasonable care to prevent children from using the playground, that gates in the fence enclosing it were not closed, that other children had been injured in coasting on the hill, and that defendants were aware of the unsafe condition thereof and of other accidents that had occurred. It was also averred that the unsafe condition had existed since March, 1959, without action to remedy the claimed defects which were said to have resulted from failure to properly grade and landscape the area. Plaintiff sought damages in the sum of $60,000.

Plaintiff Milton Stevens, father of Terri, brought suit to recover damages that he claimed to have suffered because of injuries to his daughter. The amended declaration in each case charged that the defendant school district carried a policy of indemnity insurance in the Fidelity & Casualty Company of New York, and said company was named as a defendant in the action instituted by the father, it being alleged that said plaintiff was a taxpayer and as such entitled to the rights of a third-party beneficiary

under the policy by virtue of the statute pertaining thereto.*

The motions to dismiss submitted on behalf of defendants raised the issue of governmental immunity to liability under the facts alleged in the declarations. The defendant Fidelity & Casualty Company of New York asserted that the alleged cause of action was barred as to it by CLS 1956, § 500.3030 (Stat Ann 1957 Rev § 24.13030), which section reads as follows:

"In the original action brought by the injured person, or his or her personal representative in case death results from the accident, as mentioned in section 3006, the insurer shall not be made or joined as a party defendant, nor shall any reference whatever be made to such insurer or to the question of carrying of such insurance during the course of trial."

The language of the statute supports the claim made. On behalf of defendant Hermann it was claimed that the declarations alleged no breach of duty on his part and, in consequence, that they failed to state a cause of action as to him. An examination of plaintiffs' pleadings indicates that the objection raised was well-founded.

The motions submitted in the trial court asserted the defense of governmental immunity in support of the claims made that the plaintiffs' amended declarations did not state causes of action that plaintiffs were entitled to prosecute. It is apparent that the trial judge, in granting the motions to dismiss, determined the question in favor of defendants. For reasons set forth in our opinions in *Christie* v. *Board of Regents of University of Michigan*, 364 Mich 202, 213, and *Williams* v. *City of Detroit*, 364 Mich 231,

---

* PA 1937, No 296 (CL 1948, § 691.541 *et seq.* [Stat Ann 1953 Rev § 26.1231 *et seq.* ]).

which need not be here repeated, the orders of dismissal should be affirmed.

DETHMERS, KELLY, BLACK, KAVANAGH, and OTIS M. SMITH, JJ., concurred with CARR, C. J.

SOURIS, J. (*concurring*). I concur in affirmance. However, my concurrence in rejection of plaintiffs' contention that purchase of indemnity insurance constituted a waiver of the school district's immunity from liability herein is compelled by this Court's majority opinion in *McDowell* v. *State Highway Commissioner,* 365 Mich 268.* In that opinion we were told that the old common-law rule of governmental immunity, theretofore subject to judicial relief from judicially created injustices, has become a legislative rule subject to modification only by the legislature. See opinions in *McDowell* and in *Sayers* v. *School District No. 1,* 366 Mich 217, for details thereof.

Absent legislative grant of authority to waive such new legislative rule of governmental immunity, by purchase of insurance or otherwise, this Court now (since *McDowell*) has no alternative but to reject plaintiffs' contention.

ADAMS, J., took no part in the decision of this case.

* The majority consisted of Chief Justice DETHMERS and Justices CARR, KELLY, BLACK, and KAVANAGH.