LEWIS *v.* GENESEE COUNTY.

1. COUNTIES—MEDICAL CARE FACILITIES—AGENCIES OF STATE.
    Counties and their departments of social welfare function as agencies of the State in establishing and operating medical care facilities to provide general relief, hospitalization, and infirmary care other than hospitalization, to poor or unfortunate persons under State statute creating State department of social welfare and prescribing its powers and duties with respect to county departments of social welfare (CL 1948, § 400.1 *et seq.*).

2. HOSPITALS—COUNTY MEDICAL CARE FACILITY—STATE AGENCY—
    IMMUNITY FROM LIABILITY FOR NEGLIGENCE.
    Defendant county and defendant county board of social welfare were immune from liability for the negligent acts of their agents, servants, and employees in performance of functions involved in caring for plaintiff, a patient at hospital which had been established and was being operated pursuant to statute conferring supervisory power upon State social welfare commission, since defendants were functioning as State agencies (CL 1948, § 400.1 *et seq.*, as amended).

Appeal from Genesee; Parker (Donn D.), J.   Submitted April 3, 1963.   (Calendar No. 22, Docket No. 50,113.)   Decided May 9, 1963.

REFERENCES FOR POINTS IN HEADNOTES
[1] 14 Am Jur, Counties § 3.
[2] 14 Am Jur, Counties §§ 48–50; 49 Am Jur, States, Territories, and Dependencies § 78.

Case by Emma Lewis against County of Genesee and Genesee County Board of Social Welfare, both bodies corporate, for personal injuries sustained while a patient at Walter Winchester Hospital. Case dismissed on motion. Plaintiff appeals. Affirmed.

*Howard C. Fischer,* for plaintiff.

*Moll, Desenberg, Purdy, Glover & Bayer* and *John G. David,* for defendants.

Carr, C. J.   Plaintiff brought this action in the circuit court of Genesee county to recover damages for injuries claimed to have been sustained by her. The declaration filed alleged that the defendants were bodies corporate and that pursuant to State statute they had established and operated a medical facility within said county known as the Walter Winchester Hospital.  Plaintiff further alleged that during the month of December, 1961, she was a resident patient in said facility and that as a result of negligence on the part of defendants' agents, servants, and employees, she fell, sustaining the injuries for which she sought to recover damages.

On behalf of defendants a motion to dismiss the suit was filed, asserting that they were immune from liability for the claimed negligent acts of their employees.  Following a hearing before the circuit judge the motion to dismiss was granted, the circuit judge concluding that it was well founded under decisions of this Court.  Attention was also called to the fact that the declaration filed contained no allegation that plaintiff's claim had been presented to either the board of supervisors of the county or to the county board of social welfare.  Cited in this connection was article 8, § 9, of the State Constitution (1908) and CL 1948, § 46.71 (Stat Ann 1961 Rev

§ 5.521). From the order entered granting the motion plaintiff has appealed.

The defendant county. board of social welfare was created under and pursuant to the social welfare act of the State, PA 1939, No 280.* As amended, said act is entitled:

"An act to protect the welfare of the people of this State; to provide general relief, hospitalization, and infirmary care other than hospitalization, to poor or unfortunate persons; to provide for compliance by this State with the provisions of the social security act; to provide protection, welfare and assistance to aged persons, dependent children, the blind, and the permanently and totally disabled; to create a State department of social welfare; to prescribe the powers and duties of said department; to provide for the interstate and intercounty transfer of dependents; to create county, district and city departments of social welfare; to create within the county departments, bureaus of social aid and certain other bureaus, divisions and offices thereunder; to prescribe the powers and duties of said departments, bureaus and officers; to provide for appeals in certain cases; to prescribe the powers and duties of the State department of social welfare with respect to county, district and city departments of social welfare; and to prescribe penalties for the violation of the provisions of this act."

The provisions of the statute are in accord with the general purpose as expressed in the title. Obviously it was the intention of the legislature to cover the field of public welfare in the interest of the people of the State, to adopt safeguards to insure the carrying out of the objectives sought to be attained, and to vest in certain agencies specific powers and duties essential to the successful operation of the general plan as outlined. The State social

* CL 1948, § 400.1 *et seq.*, as amended (Stat Ann 1960 Rev and Stat Ann 1961 Cum Supp § 16.401 *et seq.*).

welfare commission was created and invested with general supervisory control with reference to the functioning of other agencies charged with carrying out the legislative requirements.

As indicated in the title above quoted, the over-all plan involved the creation of county, district, and city departments of social welfare. The defendant county board of social welfare came into existence accordingly, 1 of the 3 members thereof being appointed by the State welfare commission and 2 by the county board of supervisors.* Defendants herein in the performance of the powers and duties vested in them are subject to the provisions of the State statute. Without discussing such provisions in detail, we conclude that in the instant case the claim of said defendants that they were acting, with reference to the matters here involved, as agencies of the State is in accord with the act of the legislature.

Of particular significance are the provisions of the statue relating to the establishment in each county of a medical facility, the plans for which are required to be approved by the State commission.† The latter commission is vested with express authority to approve and certify the plans, and also to adopt reasonable rules with reference to the operation of the facility when established. The enforcement of orders so made is authorized by appropriate court action. The claim of the defendants that, with reference to matters relating to the functions performed under the State welfare law, they have acted solely as State agencies is well founded.

The holding of the circuit judge that defendants are immune from liability for the negligent acts of

---

* See CL 1948, §§ 400.45, 400.46 (Stat Ann 1960 Rev §§ 16.445, 16.446).—REPORTER.

† CL 1948, § 400.58, as amended by PA 1957, No 170 (Stat Ann 1960 Rev § 16.458).—REPORTER.

their agents and employees in the instant case is in accord with decisions of this Court in a number of cases, among which may be cited: *Maffei* v. *Berrien County*, 293 Mich 92; *McDowell* v. *State Highway Commissioner*, 365 Mich 268; *Sayers* v. *School District No. 1, Fractional*, 366 Mich 217; and *Stevens* v. *City of St. Clair Shores*, 366 Mich 341. It clearly appearing that the defendants in the performance of the functions involved in the instant case were acting as State agencies, they were entitled to claim immunity from liability based on alleged negligence of employees. It is unnecessary to discuss other possible issues in the case.

The order from which the appeal has been taken is affirmed.

DETHMERS, KELLY, BLACK, KAVANAGH, and O'HARA, JJ., concurred with CARR, C. J.

SOURIS, J. (*concurring*). In *McDowell* v. *State Highway Commissioner*, 365 Mich 268, a majority of the present members of this Court limited the scope of the controlling opinion which I signed in *Williams* v. *City of Detroit*, 364 Mich 231. I expressed my views thereon in *Sayers* v. *School District No. 1, Fractional*, 366 Mich 217, 221–225. Subject to the views I expressed in *Sayers*, I concur reluctantly in today's decision.

SMITH, J., concurred with SOURIS, J.