## DONELLON v. COUNTY OF WAYNE.

1. APPEAL AND ERROR—CLAIM OF APPEAL—FILING.
   Appeal as to defendant in whose favor judgment had been entered
   more than 20 days prior to filing claim of appeal *held,* not
   properly before Court of Appeals for review (GCR 1963, 803.1).

2. TORTS—GOVERNMENTAL IMMUNITY—ABROGATION OF RULE OF IM-
   MUNITY.
   The rule of governmental immunity from tort liability as to all
   political subdivisions of government is abrogated whether the
   involved political subdivision is functioning governmentally
   or proprietarily.

3. COUNTIES—ABROGATION OF GOVERNMENTAL IMMUNITY.
   Summary judgment for defendant county employees in action for
   wrongful death of plaintiff's decedent, based on governmental
   immunity of county and its employees when carrying out
   governmental functions, *held,* improperly entered, where defense
   of governmental immunity has been abrogated by judicial
   decisions.

4. COSTS—PUBLIC QUESTION—GOVERNMENTAL IMMUNITY.
   No costs are allowed on appeal in action against county employees
   for wrongful death of plaintiff's decedent, where rule of govern-
   mental immunity from tort liability has been abrogated, a
   public question being involved.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 4 Am Jur 2d, Appeal and Error § 314.
[2, 3] 38 Am Jur, Municipal Corporations § 572.
Municipal immunity from liability for torts. 60 ALR2d 1198.
[4] 5 Am Jur 2d, Appeal and Error § 1009.

[576]

Appeal from Wayne; Rashid (Joseph G.), J. Submitted Division 1 October 5, 1965, at Detroit. (Docket No. 350.)   Decided April 12, 1966.   Rehearing denied May 27, 1966.   Leave to appeal denied by Supreme Court August 25, 1966.   See 378 Mich 727.

Complaint by Janette Shock Donellon, special administratrix of the estate of Charles Shock, against the county of Wayne, a body politic, Dr. Samuel Jacobson, Walter B. Furay, Sylvester Echols, Charles S. Vanoy, and Richard Charles Kilponen, for the wrongful death of her husband, Charles Shock. Summary judgment as to all defendants. Motion for rehearing as to individual defendants denied. Plaintiff appeals. Reversed and remanded as to individual defendants.

*Riseman, Lemke & Piotrowski* (*Carl M. Riseman,* of counsel), for plaintiff.

*Samuel H. Olsen,* Prosecuting Attorney, *Aloysius J. Suchy* and *George H. Gross,* Assistant Prosecuting Attorneys, for defendants.

LESINSKI, C. J.   Janette Shock Donellon, the plaintiff-appellant, sued the county of Wayne and individual defendants Dr. Samuel Jacobson, Walter B. Furay, Sylvester Echols, Charles S. Vanoy, and Richard Charles Kilponen jointly and severally for the wrongful death of her husband, Charles Shock. On motion of defendants, the trial court on September 29, 1964, entered an order for summary judgment in favor of all defendants based on the governmental immunity of the county and its employees when carrying out governmental functions. On October 17, 1964, the plaintiff moved for a rehearing of the order granting summary judgment *only* in respect to the individual defendants and not

as to the county. This motion was denied on November 18, 1964, and from this determination and the order for summary judgment, the plaintiff took a claim of appeal to the Michigan Supreme Court. The case was then transferred by the Supreme Court to the Court of Appeals on January 7, 1965.

As to the county of Wayne, the appeal was not timely filed in the Supreme Court and therefore cannot be heard by our Court under GCR 1963, 803.1 (as effective prior to January 1, 1965)[1] as an appeal as of right. The appellant first filed this appeal in the Supreme Court on December 7, 1964, 19 days after plaintiff's motion for rehearing was denied. This motion for rehearing was only taken in regards to the individual defendants and not as to the county of Wayne. Therefore, as to the county, the judgment appealed from was the initial summary judgment granted by the court on September 29, 1964. Plaintiff in order to appeal the judgment respecting the county, would have had to file his appeal within 20 days of that judgment. Not having done so, the appeal regarding the county of Wayne is not properly before this Court.

The basic question remaining before this Court is whether the individual defendants, employees of the county, can be shielded from liability by the defense of governmental immunity.

As the law stands with respect to this case, the shield of immunity has been lifted from the county. *Myers* v. *Genesee County Auditor* (1965), 375 Mich 1, indicates that a majority of the Court concurs in the abrogation of the governmental immunity doctrine. In the opinion by Justice O'HARA in the *Myers Case,* concurred in by Chief Justice T. M. KAVANAGH, it is said at page 11:

---

[1] See currently, GCR 1963, 803.1 as amended October 9, 1964, 373 Mich xxxiv.

"The rule of governmental immunity as to all political subdivisions of government is hereby abrogated as it has heretofore been abrogated as to municipal corporations, *i.e.*, cities. No longer is the defense of governmental immunity for tort liability available, irrespective of whether the involved political subdivision is functioning 'governmentally' or 'proprietarily.' "

And Justice SOURIS in an opinion concurred in by Justice ADAMS states:

"I concur in Mr. Justice O'HARA's decision, the result of which is to overrule *Lewis* v. *Genesee County* (1963), 370 Mich 110."

Thus Justice SOURIS is overruling a case that held governmental immunity a valid defense for the county and its agents. By doing so a majority of the seven men sitting in the *Myers Case* have expressly overruled the right of the county or its agents to raise the immunity doctrine as a defense to their alleged tort liability.

Therefore, in the case at bar the summary judgment in favor of all the defendants was improperly granted in light of the rule of the *Myers Case*[2] as reaffirmed in *Keenan* v. *County of Midland* (1966), 377 Mich 57. See, also, *Picard* v. *Greisinger* (1965), 2 Mich App 96.

Reversed and remanded for trial as to the individual defendants. No costs, a public question being involved.

FITZGERALD and J. H. GILLIS, JJ., concurred.

---

[2] Though PA 1964, No 170 (CL 1948, § 691.1401 *et seq.* [Stat Ann 1965 Cum Supp § 3.996(101) *et seq.*]) went into effect on July 1, 1965, it could not affect the prospective liabilities of the parties in the case at bar. Therefore for the period prior to July 1, 1965 the rule of the *Myers Case* stands as the law in respect to the use of governmental immunity as a defense.