HUDSON *v.* ATTORNEY GENERAL.

CONSTITUTIONAL LAW — SCHEDULE OF CONSTITUTION — CONSTRUC-
TION—OFFICERS—SALARIES—CHANGE DURING TERM.

> Section 20 of the schedule appended to the Constitution, pro-
> viding against a change in the compensation of any officer
> during the term for which he is elected or appointed, was
> adopted for temporary and not for permanent purposes and
> does not prohibit the legislature from changing the salaries
> of the auditors of Wayne county during their terms of office.

Mandamus by Joseph L. Hudson and others to compel
John E. Bird, attorney general, to file an information.
Submitted October 8, 1907. (Calendar No. 22,495.)
Writ denied November 5, 1907.

*Sherman D. Callender*, for relators.

*John E. Bird*, Attorney General (*Charles D. Joslyn*,
of counsel), in pro. per.

PER CURIAM.    This is a petition by taxpayers and elec-
tors of Wayne county for a writ of mandamus to compel
the attorney general to sign an information to be filed in
the Wayne circuit court, to enjoin the board of auditors
of Wayne county, composed of three members, from ap-
proving warrants for the payment to themselves of sal-
aries in excess of $3,500 each per year, until the expiration
of the terms for which they were elected and were serv-
ing when the legislature passed an act increasing the salary
of Wayne county auditors to $5,000 each per year. This
act was given immediate effect and was approved June
27, 1907. Act No. 724, Local Acts 1907. Since that
time the said auditors have drawn from Wayne county
salary at the rate of $5,000 per year, paid by the county
treasurer upon warrants issued by said board of auditors.
At the time of the election of each of said auditors, the

compensation fixed by law was $3,500 each per year. Each of them entered the office and accepted compensation at this rate until the passage of the act increasing the salary of said office.

Relators found their right to the writ upon the provision of section 20 of the schedule appended to the State Constitution:

"It shall not be lawful hereafter for the legislature to increase or diminish the compensation of any officer during the term for which he is elected or appointed."

The attorney general declined to sign the information, for the reason that the provisions of the section in question had been determined by this court to be for temporary and not for permanent purposes. The cases relied upon by the respondent support his position and do not require further consideration. *People, ex rel. Douvielle,* v. *Board of Sup'rs of Manistee Co.,* 40 Mich. 585; *Hunt, ex rel. Snow,* v. *Buhrer,* 133 Mich. 107.

Writ denied.