ATTORNEY GENERAL, *ex rel.* ZACHARIAS, *v.* BOARD OF ED-
UCATION OF CITY OF DETROIT.

1. STATUTES—CONSTRUCTION—GIVING EFFECT TO WHOLE.

Statutes should be so construed, if possible, as to give full effect
to every part and render no portion nugatory, every clause
and word being presumed to have some force and meaning.

2. SCHOOLS — DETROIT SCHOOLS — SUPERINTENDENT — SALARY —
AMENDMENT OF STATUTE.

Act No. 406, Local Acts 1907, amending Act No. 392, Local
Acts 1903, section 7, by omitting therefrom the proviso lim-
iting the salary payable to the superintendent of schools of
Detroit to $4,000 per annum, which was given immediate ef-
fect, authorized the board of education to increase the sal-
ary of the superintendent then holding office and whose term
of office does not expire until 1909, since otherwise there
would be nothing upon which the immediate effect clause
could operate. GRANT, C. J., dissenting.

3. SAME—CONSTITUTIONAL LAW—LOCAL SELF-GOVERNMENT.

The Constitution of Michigan turns the whole subject of educa-
tion over to the legislature and the subject is no part of the
local self-government inherent in townships and municipali-
ties, except so far as the legislature may choose to make it
such.

4. SAME — DETROIT CHARTER — TEACHERS' WAGES — ACTION OF
BOARD OF ESTIMATES.

Since the primary school fund must, under the general laws of
the State, be used to pay teachers' salaries, and the superin-
tendent of schools of Detroit may, under the law authorizing
his appointment, be a teacher, the action of the board of esti-
mates in fixing the amount to be raised for the payment of
his salary for a particular year is not binding on the school
board, otherwise having legislative authority to fix his
salary.

5. SAME — CONSTITUTIONAL LAW — DETROIT SCHOOLS — SUPERIN-
TENDENT—SALARY—INCREASE AFTER APPOINTMENT.

The superintendent of schools of Detroit is not a contractor,
and an increase in his salary after appointment for a partic-
ular term, effective during the unexpired portion of the
term, looks to the future and not to the past, and hence does
not violate section 21 article 4, of the Constitution. GRANT,
C. J., dissenting.

Appeal from Wayne; Hosmer, Murphy, Rohnert, and Donovan, JJ. Submitted June 10, 1908. ( Docket No. 56.) Decided November 30, 1908.

Bill by John E. Bird, attorney general, on the relation of Allen H. Zacharias and others, to enjoin the board of education of the city of Detroit and Frank E. Doremus, controller, from paying an increase of salary. From a decree sustaining a demurrer to the bill, complainant appeals. Affirmed.

*Elbridge F. Bacon,* for complainant.

*P. J. M. Hally* (*T. E. Tarsney,* of counsel), for defendants.

Section 7, Act No. 392, Local Acts 1903, reads as follows:

"The said board shall, at the first regular meeting in July after the passage of this act, and on the first regular meeting in July of every third year thereafter, appoint a suitable person as superintendent of the public schools under their control, who shall hold his office for the term of three years, or until his successor shall be appointed and enter upon the performance of his duties: *Provided,* That if such appointment shall not be made at the first regular meeting in July, the same may be made at any subsequent regular meeting; but the term of office of the appointee shall commence and date from said first regular meeting in July: *And provided further,* That the office of the present incumbent shall not be deemed to have been vacated by this act, but he shall hold his office until the first regular meeting in July subsequent to the time when this act shall take effect, or until his successor shall be elected and enter upon the performance of his duties. The superintendent shall receive such salary as shall be fixed by the board: *Provided,* That the same shall not exceed four thousand dollars per annum. The said board may appoint a secretary of said board, who shall hold his office during the pleasure of said board, or until his office shall otherwise become vacant. The board may prescribe his duties and compensation: *Provided,* That when the office of secretary and superintendent shall be held by the

same person, he shall receive no compensation for his services as secretary. The board, if it deem it expedient, may direct the superintendent to perform the duties of said office of secretary, and he shall thereupon be ex officio secretary of said board."

Under that act on July 12, 1906, Mr. Wales C. Martindale was, by appropriate resolution of the board, appointed "superintendent for the ensuing term of three years, at the sum of $4,000 per year." The legislature in 1907, by Act No. 406, Local Acts 1907, amended this section so as to read as follows:

"The board shall, at the first regular meeting in July in the year nineteen hundred nine after the passage of this act, and on the first regular meeting in July of every third year thereafter, appoint a suitable person as superintendent of the public schools under their control, who shall hold his office for the term of three years, or until his successor shall be appointed and enter upon the performance of his duties: *Provided,* That if such appointment shall not be made at the said first regular meeting in July, the same may be made at any subsequent regular meeting, but the term of office of the appointee shall commence and date from said first regular meeting in July: *And provided further,* That the office of the present incumbent shall not be deemed to have been vacated by this act, but he shall hold his office until the first regular meeting in July, nineteen hundred nine, as aforesaid, or until his successor shall be elected and enter upon the performance of his duties. The superintendent shall receive such salary as shall be fixed by the board. The said board may appoint a secretary of said board, who shall hold his office during the pleasure of said board, or until his office shall otherwise become vacant. The board may prescribe his duties and compensation: *Provided,* That when the office of secretary and superintendent shall be held by the same person, he shall receive no compensation for his services as secretary. The board, if it deem it expedient, may direct the superintendent to perform the duties of said office of secretary, and he shall thereupon be ex officio secretary of said board."

On July 11, 1907, the board of education, assuming that they had authority under the latter act, passed a reso-

lution increasing the salary of Mr. Martindale to $6,000 per year, during the balance of the term for which he was elected; said increase to take effect from and after June 15, 1907. The attorney general, upon the relation of certain citizens and taxpayers of the city of Detroit, filed this bill of complaint to enjoin the defendants from paying this increase of salary. A demurrer was interposed, sustained, and the bill dismissed.

GRANT, C. J. (*after stating the facts*). It will be observed that both the original and the amended section relate exclusively to the office of superintendent of schools, except that they also authorize the appointment of a secretary who may be the superintendent. The amended act amends the old act only in providing for the election of a new superintendent in 1909, at the termination of the term of the then superintendent. It does not in terms, and was not intended to, affect the term of office or the conditions under which the then incumbent was holding. I think that clause of the amended act reading: "The superintendent shall receive such salary as shall be fixed by the board" refers exclusively to the superintendent to be appointed under the act. The intent to authorize the expenditure of money and to increase the salary of an officer or employé who has been appointed for a specified term and at a specified salary, under a law which continues him in office for a specified time and at a specified salary, ought very clearly to appear. The act in question preserves the status quo of the superintendent who was then in office. It gives authority to appoint a new superintendent at or after a given time, and at such salary as the board may then authorize. This court said in *Perrin* v. *Kellogg*, 37 Mich. 316:

"Statutes can apply to future transactions only, unless they are expressly given effect on previous transactions, or unless some of their terms cannot be met otherwise."

I am unable to discern how any intention to change the status of Mr. Martindale's tenure or terms of service can

be extorted from the clear language of this act. It plainly leaves both in force, to be completed under the law under which he was appointed for a definite time and at a definite salary, and leaves that law in force for that purpose, and enacts a new law to be applied only to his successor. But it is urged — and this is the sole basis for the support of defendants' claim—that the sole object of the legislature in giving the act immediate effect was to authorize immediate action under it. The order giving an act immediate effect is no part of the act. The bill was passed before the motion to give it immediate effect was made, and as passed it referred solely to future action by the board of education, to be taken more than two years thereafter. Can the plain intent and meaning of an act be changed by a motion which is no part of it and is made and carried after the bill has passed ? Suppose the act had not been given immediate effect. It would then, under the Constitution, have become a law within 90 days after the adjournment of the legislature; that is, it would have become a law on September 27, 1907. In that case it might as well be contended that the act was passed two years before any action could be taken under it to employ Mr. Martindale's successor, for the sole purpose of authorizing the board to change Mr. Martindale's salary. Suppose Mr. Martindale's tenure and contract were to expire in July, 1907, and this act had been passed early in the session of that year, providing for the appointment of his successor in July following, and given immediate effect, would it be contended that it conferred authority upon the board to increase or diminish his salary for the remainder of his term ? I cannot give my assent to this construction of an order to give a bill immediate effect, when the bill is clearly prospective in its provision. Mr. Endlich says:

" The office of each [viz., a saving clause or proviso in a statute] is to except some particular case from a general principle, where, from peculiar circumstances attending the case, there would be some hardship, if it were not ex-

cepted, to qualify, restrain, or otherwise modify the general language of an enacting clause, or to exclude some possible ground of misinterpretation which might exist if cases, which the legislature did not mean to include, were brought within the statute. And as to a proviso, it has been said its function is that of limiting the language of the lawmaker, not of enlarging or extending the act or section of which it is a part, and its effect that of negativing an authority granted beyond its prescribed and clearly defined limits." Endlich on Interpretation of Statutes, § 184.

I think the decree should be reversed, and the case remanded for further proceedings in accordance with the practice of the court.

MOORE, J. A sufficient statement of the facts appears in the opinion of Chief Justice GRANT. This case was heard before four of the judges of the circuit court for the county of Wayne, all of whom joined in a written opinion, part of which expresses the views which I think ought to control. I quote from the opinion as follows:

"After the passage of the act, the board of education increased the salary of the superintendent from $4,000 to $6,000 per annum. Complainant contends that the board exhausted its power of fixing the salary at the time of appointment; that no power existed at the time of the raising of the salary to take such action; that the submission to and the action of the board of estimates upon the matter of annual salary precluded any action during the current year, and that to give the construction to the act claimed by the board would be in violation of article 4, § 21, of the Constitution.

"It is a cardinal rule of statutory construction that full effect shall be given to every part of the act under consideration. Every clause and every word is presumed to have some force and meaning. No portion should be rendered nugatory. If the complainant's construction were tenable, it would render the immediate effect clause useless. The only possible object the legislature could have had in the giving of immediate effect is to empower the board to increase the salary which theretofore had been under limitation. To no other part of the act as

amended is this clause apposite. Viewed in this light, the citation of counsel to establish the proposition that the power of the board, having been once exercised, was exhausted, does not seem appropriate. In our opinion the very purpose of the amendment was but a new grant of power.

"Education in Michigan belongs to the State. It is no part of the local self-government inherent in the township or municipality, except so far as the legislature may choose to make it such. The Constitution has turned the whole subject over to the legislature. *Belles* v. *Burr*, 76 Mich. 1. The primary school fund may be used for teachers' salaries, and the superintendent is by the terms of the act a teacher. For these reasons the action of the board of estimates does not control.

"The superintendent is in no sense a contractor, and the increase of salary looks to the future, and not to the past. The demurrer to the bill must be sustained, and the bill dismissed."

See *Hunt, ex rel. Snow,* v. *Buhrer*, 133 Mich. 107, and the cases there cited; *Hudson* v. *Attorney General*, 150 Mich. 67, and the cases there cited.

I think the decree should be affirmed, with costs.

BLAIR, MONTGOMERY, OSTRANDER, HOOKER, and MC-ALVAY, JJ., concurred with MOORE, J