PICARD *v.* GREISINGER.

1. SCHOOLS AND SCHOOL DISTRICTS—TORTS—GOVERNMENTAL IM-
MUNITY.

> A school district, as an agency of the State, is clothed with the
> State's immunity from liability for ordinary torts committed
> in the course of its exercise of the governmental function
> entrusted to it.

2. SAME—TORTS—GOVERNMENTAL IMMUNITY.

> No recovery of damages from either the school board or school
> district is permitted for injuries plaintiff minor sustained
> when basketball was thrown at him by defendant teacher while
> such plaintiff was watching a gym class at defendants' school,
> the defense of governmental immunity being available to such
> agencies as a bar to an action for tort.

Appeal from Wayne; Baum (Victor J.), J. Sub-
mitted Division 1 November 3, 1965, at Detroit.
(Docket Nos. 24, 25.) Decided December 20, 1965.

Declaration by Donald Picard against Dale
Greisinger for injuries sustained when defendant
intentionally threw a basketball at plaintiff, striking
plaintiff in the head and severely injuring his eye on
June 4, 1958; and against Taylor Township School
District, a school district of the State of Michigan,
and Taylor Township Board of Education for the
same injuries sustained when defendants retained
an employee, who they knew or should have known
had a violent temper. Derivative action by Mel
Picard, plaintiff's father. Summary judgment for

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 47 Am Jur, Schools § 56 *et seq.*

defendant school district and school board on the
ground of governmental immunity from liability for
torts.   Plaintiffs appeal.   Affirmed.

*Sugar & Schwartz* (*David M. Tyler* and *Lawrence
Warren,* of counsel), for plaintiffs.

*Harry F. Vellmure* and *Victor T. Mitea,* for de-
fendants school board and school district.

QUINN, J.  Plaintiffs filed their actions to recover
for injuries allegedly sustained by the minor plain-
tiff while watching a gym class at the school he
attended.   Defendant Greisinger was a teacher at
that school and part of his duties was to conduct,
instruct, and supervise gym classes.   The school was
in defendant school district and was governed by
defendant board of education.   Plaintiffs alleged
the minor was injured as the result of being struck
in the head by a basketball thrown at him inten-
tionally and forcibly by Greisinger at a time when
the latter knew, or should have known, the minor
was unprepared to catch it.   Plaintiffs further al-
leged that Greisinger refused to allow the minor to
seek medical treatment and required him to remain
in the gym class in spite of the injuries.   Plaintiffs
pleaded that Greisinger's negligence was imputed
to the district and board; that they retained
Greisinger in employment even though they knew, or
should have known, he was of violent disposition and
that he had and was likely to cause harm to stu-
dents; and that the district and board were negli-
gent in failing to provide adequate supervision for
students.   In their answers, the district and board
pleaded affirmatively the defense of governmental
immunity.   By replies, plaintiffs pleaded this de-
fense did not preclude the district and board from
liability for their own tortious acts or those of their

agents, servants, and employees. The trial court
granted the motion of the district and board for
summary judgment on the authority of *Sayers* v.
*School District No. 1, Fractional* (1962), 366 Mich
217. Plaintiffs appeal from this action by the trial
court.

Plaintiffs raise two questions on this appeal,
namely:

1. Are school districts and boards of education
immune from liability for injuries sustained as a
result of the tortious conduct of their employees act-
ing within the course and scope of their employ-
ment?

2. Are school districts and boards of education
immune from liability for injuries sustained as a
result of their own tortious conduct?

The facts pertinent to decision have been recited
from plaintiffs' pleadings earlier in this opinion.

Contrary to apparent expectations,* the doctrine
of governmental immunity in tort actions arising
from the performance of a governmental function
is still with us. How virile it remains depends on
whom you read and what case. See *McDowell* v.
*State Highway Commissioner* (1961), 365 Mich 268;
*Stevens* v. *City of St. Clair Shores* (1962), 366 Mich
341; *Lewis* v. *Genesee County* (1963), 370 Mich 110;
*Myers* v. *Genesee County Auditor* (1965), 375 Mich
1. However, *Sayers, supra,* is subject to only one
interpretation. A clear majority of the Supreme
Court there said a school district is clothed with
immunity by the doctrine while in the exercise of
a governmental function. It does not except the
tortious conduct of employees acting within the
course and scope of their employment, nor does it

---

* "From this date forward the judicial doctrine of governmental
immunity from ordinary torts no longer exists in Michigan." ED-
WARDS, J. in *Williams* v. *City of Detroit* (1961), 364 Mich 231, 250;
concurred in by three other justices.

except the tortious conduct of the district and board from the protection of the doctrine. *Sayers* has not been overruled and it is authority for the action of the lower court in this case.

Affirmed, with costs to appellees.

LESINSKI, C. J., and WATTS, J., concurred.