SMITH *v.* CLINTONDALE SCHOOL DISTRICT

1. TORTS—GOVERNMENTAL IMMUNITY—STATE AGENCY—SCHOOL DISTRICTS.

   Local school districts are deemed State agencies for purposes of assertion of defense of governmental immunity from tort liability.

2. SAME—GOVERNMENTAL IMMUNITY—SUMMARY JUDGMENT.

   Summary judgment for defendant school district on ground of governmental immunity in action for injuries caused to a student by a defective condition in public school building *held,* improper where statute in effect at time of injuries specifically excepted the maintenance of public buildings when open for use by members of the public from the scope of governmental immunity (CL 1948, § 691.1405).

Appeal from Macomb, Deneweth (George R.), J. Submitted Division 2 May 2, 1967, at Lansing. (Docket No. 2,719.)   Decided October 25, 1968.

REFERENCES FOR POINTS IN HEADNOTES
[1] 52 Am Jur, Torts § 100.
[2] 47 Am Jur, Schools § 56 *et seq.*

Complaint by David Smith and by Suzanne Smith, a minor, by her next friend David Smith against Clintondale School District, Edward Salem and Glenn Ward for damages for personal injuries. Summary judgment for defendant school district. Plaintiffs appeal. Reversed.

*Roy & Bohde,* for plaintiffs.

*Nunneley, Nunneley & Hirt,* for defendants.

Sullivan, J. Plaintiffs, David Smith and Suzanne Smith, a minor, by her next friend, David Smith, brought suit for injury sustained while using the bathroom facilities at the Price Drive Elementary School in the defendant Clintondale School District. Plaintiffs contend the injury was caused by the removal of the lock from the door at the entrance to the commode, thus permitting the door to swing inward to strike the occupant (a "dangerous or defective condition" in the school building). The injury occurred on February 4, 1966, after the effective date[1] of PA 1964, No 170, CL 1948, § 691.1401 *et seq.* (Stat Ann 1968 Cum Supp § 3.996[101] *et seq.*).

Defendant school district moved for summary judgment on the ground that Clintondale Public School District is a state agency, clothed with sovereign immunity to tort action.

The learned trial judge granted the motion for summary judgment. Plaintiffs appeal.

The question on appeal is this: Does PA 1964, No 170, CL 1948, § 691.1401 *et seq.* (Stat Ann 1968 Cum Supp § 3.996[101] *et seq.*) apply to a school district so that under section 6 thereof a school dis-

---

[1] July 1, 1965.

trict may be liable for injury resulting from a dangerous or defective condition of a public school building under its control?

In 1961 *Williams* v. *City of Detroit* (1961), 364 Mich 231, apparently sounded the death knell for governmental immunity particularly with respect to municipal corporations. Subsequent decisions explained (*McDowell* v. *State Highway Commissioner* [1961], 365 Mich 268), limited (*Sayers* v. *School District No 1, Fractional* [1962], 366 Mich 217), and expanded (*Keenan* v. *County of Midland* [1966], 377 Mich 57) the scope of *Williams*. And though the status of governmental immunity from *Williams* to *Keenan* was at times uncertain the protected status of school districts never wavered. This Court in *Williams* v. *Primary School District No 3, Green Township* (1966), 3 Mich App 468, reaffirmed the sovereign immunity of these subdivisions of government from tort liability "except to the *extent that such immunity has been abrogated legislatively.*" (Emphasis supplied.)

But defendant's reliance on these cases, as well as *Keenan,* is misplaced. It is true that *Keenan* and *Myers*[2] were handed down after Act 170 was passed. But they dealt with accidents that occurred prior to the effective date of Act 170 and no question was even raised, let alone answered, as to whether the torts fell within the exceptions in Act 170. No doubt the cases alluded to all contributed to the passage of Act 170, which not only restored governmental immunity in areas where it had been abrogated, but also carved out certain areas of exposure where heretofore there had been immunity.[3]

---

[2] *Myers* v. *Genesee County Auditor* (1965), 375 Mich 1.

[3] Baum, Governmental Immunity in Michigan, 44 MSBJ, No 5, p 37.

Act 170 is:

"An act to make uniform the liability of municipal corporations, political subdivisions,[4] and the state, its agencies and departments, when engaged in a governmental function, for injuries to property and persons caused by negligence; to define and limit such liability; to define and limit the liability of the state when engaged in a proprietary function; to authorize the purchase of liability insurance to protect against loss arising out of such liability; to provide for defending certain claims made against public officers and paying damages sought or awarded against them; and to repeal certain acts and parts of acts."

The statute, as noted, restores governmental immunity to certain levels of government which lost it due to *Williams* and its progeny. It also makes liability uniform. The state and all lesser units of government are not immune from tort liability with regard to:

(a) defective highways (section 2),

(b) negligent operation of motor vehicles (section 5),

(c) *defective maintenance of public buildings* (section 6). (Emphasis supplied.)

Section 6, under which this suit is brought, provides:

"Governmental agencies have the obligation to repair and maintain public buildings under their control when open for use by members of the public. Governmental agencies are liable for bodily injury and property damage resulting from a dangerous or defective condition of a public building if the governmental agency had actual or constructive knowledge of the defect."

---

[4] "Political subdivision" by definition in the act includes school districts. The "state" is included in the definition of "governmental agency" as are "political subdivisions".

It is quite true, as defendants contend, that a school district has been deemed a "state agency" (*Sayers* v. *School District, Williams* v. *School District,* both *supra*), and we agree that being a state agency the school district is entitled to the same sovereign immunity from tort liability that the state itself is. But all of this, in our view, is academic in view of Act 170.

Act 170 says, in substance, that the State of Michigan, a county, a city, a school district, etc. now enjoy the same insulation from tort liability when engaged in a governmental function (*cf.* section 7). There is also no question that the legislature has consented that the state, its agencies, etc. may be sued for negligence in the 3 categories enumerated above even though they are governmental activities.

The instant case falls into this exception, specifically section 6 of the act, and hence summary judgment should not have been granted on the grounds of "governmental immunity".

The case is no different in principle than one brought against the State of Michigan for negligent operation of a state owned motor vehicle. It does not mean that the state has lost its sovereign immunity. It simply means that to the extent indicated in the statute, the sovereign has consented to be sued.

The judgment must be reversed. Costs to appellant.

T. G. KAVANAGH, P. J., and LEVIN, J., concurred.