NICHOLS v. ZERA

1. NEGLIGENCE—SCHOOLS AND SCHOOL DISTRICTS—BOARD OF EDUCA-
TION—IMMUNITY.

> The board of education of a school district, being an agency of
> the state, has statutory immunity from tort actions (MCLA
> § 691.1407).

2. NEGLIGENCE—SCHOOLS AND SCHOOL DISTRICTS—BOARD OF EDUCA-
TION—INDIVIDUAL MEMBERS—IMMUNITY.

> The individual members of a board of education will not be
> personally liable for their allegedly negligent actions done as
> a collective body, if the board itself is immune, absent a
> specific statutory duty to the contrary.

3. NEGLIGENCE—SCHOOLS AND SCHOOL DISTRICTS—BOARD OF EDUCA-
TION—INDIVIDUAL MEMBERS—IMMUNITY—STATUTES.

> Statutory provision allowing a governmental agency to pay the
> attorney fees for its employees sued for torts committed in
> the course of their employment is not a specific statutory
> denial of the employees' statutory immunity and does not create
> any new liability on the part of the employees (MCLA
> § 691.1408).

Appeal from Genesee, Donald R. Freeman, J.
Submitted Division 2 April 6, 1971, at Lansing.
(Docket No. 9437.) Decided April 28, 1971. Leave
to appeal denied July 15, 1971. 385 Mich 767.

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 47 Am Jur, Schools § 56 et seq.
[2] 47 Am Jur, Schools § 60.
    Personal liability of public school officers, or teachers or other
    employees for negligence. 32 ALR2d 1163.

Complaint by Ernest J. Nichols, as guardian of Francis E. Nichols, against Stanley Zera, Jack Mobley, and Robert Rodda for assault and battery; and against members of the Flint Board of Education for negligence in not taking steps to prevent assaults and batteries. Defendant Board of Education members' motion for summary judgment denied. Defendant Board of Education members appeal by leave granted. Reversed.

*C. Robert Beltz,* for plaintiff.

*Gault, Davison & Bowers,* for defendant Board of Education members.

Before: QUINN, P. J., and R. B. BURNS and McGREGOR, JJ.

PER CURIAM. This is an appeal from an order of April 4, 1970, by a circuit judge, denying defendants' motion for summary judgment. A motion for rehearing on the motion for summary judgment was made and denied. Defendants applied for leave to appeal to this Court on July 31, 1970.

This cause arises out of the alleged attack upon Francis E. Nichols in the halls and parking lot of Flint's Northern Community High School. Plaintiff, a white student at Northern, was allegedly beaten by Negro youths from a neighboring high school, soon after both schools had been dismissed (on April 5, 1968) to allow the students to attend memorial services commemorating the death of Dr. Martin Luther King. Plaintiff alleges negligence on the part of the defendant Board of Education members, in that the defendants did not act to protect the students or warn the Northern students of the known

danger of marauding students from the neighboring high school.

Plaintiff originally brought suit against the Flint Board of Education, which was dismissed because of the board's sovereign immunity. Simultaneously with the dismissal, plaintiff was allowed to amend his complaint to include the members of the Board of Education as defendants, as well as certain administrative officials. The Board of Education defendants moved for summary judgment on the ground that they, as members of the Board of Education, were clothed in the sovereign immunity of the Board of Education itself, their motion was denied by the trial court. Apparently the basis for this decision was that MCLA § 691.1408 (Stat Ann 1969 Rev § 3.996[108]) imposed liability upon officers of a governmental agency.

This Court is asked to determine if members of a board of education of a school district are immune from suit as individually named defendants upon a claim of tort liability based upon the collective action or inaction of such board members.

There is no question that the Board of Education, being an agency of the state, is clothed with statutory immunity.[1] This immunity, being based upon the state's immunity, survived *Williams* v. *City of Detroit* (1961), 364 Mich 231; *Sayers* v. *School District No. 1, Fractional* (1962), 366 Mich 217; *Picard* v. *Greisinger* (1965), 2 Mich App 96. By the same token, the immunity of the school board has remained unscathed by *Maki* v. *City of East Tawas* (1969), 18 Mich App 109; *Cody* v. *Southfield-Lathrup School District* (1970), 25 Mich App 33.

The individual members of a board of education will not be personally liable if the board itself is

---

[1] MCLA § 691.1407 (Stat Ann 1971 Cum Supp § 3.996[107]).

immune, absent a specific statutory duty to the contrary. The Supreme Court, in *Daniels* v. *Board of Education* (1916), 191 Mich 339, 357, held:

> "We are impressed that if the board as such is not liable its individual members are not liable; no individual liability is created by statute.
>
> " 'Liability for negligence and suit therefor against the individual officer can only exist by virtue of an express statute creating the individual duty of such officer, and also authorizing the maintenance of a suit for failure to perform such duty.' *Plumbing Supply Co.* v. *Board of Education,* 32 SD 270 (142 NW 1131)."

The question thus becomes whether MCLA § 691.1408 (Stat Ann 1969 Rev § 3.996[108]) has the effect of creating an express statutory liability in the individual board members.

MCLA § 691.1408 provides in part:

> "Whenever any claim is made or any civil action is commenced against any officer or employee of any governmental agency for injuries  *  *  *  caused by negligence of the officer  *  *  *  while in the course of his employment  *  *  *  the governmental agency is authorized, but not required, to pay for  *  *  *  services of an attorney  *  *  *  ."

The trial court held, and plaintiff asserts on appeal, that this language indicates a clear intent by the legislature to permit negligence actions against individual officers. The trial court and the plaintiff have imputed an intent to the legislature which is unwarranted by the language of MCLA §691.1408. The intent and effect of § 691.1408 is only to allow governmental agencies to indemnify officers and employees for attorney fees incurred defending claims against them for their torts committed in the course of their employment, but it does not create any new liability.

The claim against these defendants is not based upon their personal torts, but rather upon their collective failure properly to discharge the duty of their office; the holding in *Daniels, supra,* appears controlling. MCLA § 691.1408 is not an "express statute creating an individual duty" in the members of the Board of Education and thus does not create liability in them. The Board of Education being itself immune from liability, such immunity also extends to the individual members of the board for their actions as a collective body.

The order of the trial court, denying the motion for summary judgment, is reversed and the trial court is directed to enter an order of dismissal of plaintiff's complaint as to the defendants-appellants herein. Costs to appellants.