LOVITT v CONCORD SCHOOL DISTRICT

1. JUDGMENT—NEGLIGENCE—ACCELERATED JUDGMENT—DEFENSES—
   GOVERNMENTAL IMMUNITY.

   A motion for an accelerated judgment is the proper motion for
   the summary disposition of a negligence case based on the
   affirmative defense of governmental immunity (GCR 1963, 116).

2. SCHOOLS AND SCHOOL DISTRICTS—GOVERNMENTAL IMMUNITY—TORT
   LIABILITY—GOVERNMENTAL FUNCTION—STATUTES.

   A school district is a governmental agency that is immune from
   tort liability when engaged in the exercise of a governmental
   function (MCLA 691.1407).

3. SCHOOLS AND SCHOOL DISTRICTS—PHYSICAL EDUCATION—GOVERN-
   MENTAL FUNCTION—PROPRIETARY FUNCTION—STATUTES.

   The physical-education activities of a school district constitute a
   governmental and not a proprietary function; incidental profit
   or revenue*does not operate to change the educational and
   governmental character of the activity (MCLA 691.1407).

4. SCHOOLS AND SCHOOL DISTRICTS—GOVERNMENTAL IMMUNITY—OFFI-
   CIALS—EMPLOYEES—INDIVIDUAL TORTS—STATUTES.

   Governmental immunity protects not only the school district or
   board of education, but also the individual school officials or
   board members where the duty breached is one that is imposed
   on the entity and not the individual; however, a particular
   official, agent, or employee is not immune from liability for
   injuries attributable to his individual tort or negligence (MCLA
   691.1407).

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 47 Am Jur 2d, Judgment §§ 1080–1213.
[2–5] 68 Am Jur 2d, Schools §§ 5, 319–325.
   Immunity of private schools and institutions of higher learning
   from liability in tort. 38 ALR 3d 480.
   Tort liability of private schools and institutions of higher learning
   for negligence of, or lack of supervision by, teachers and other
   employees or agents. 38 ALR 3d 908.

5. Schools and School Districts—Tort Liability—Governmental
   Immunity—Football Program—Superintendent—Principal
   —Teacher-Coaches—Statutes.

   A school district, its superintendent, and a school principal are
   immune from liability for injuries sustained by students in a
   high school football practice; however, the teacher-coaches who
   supervised the practice are not immune from liability where
   there was active, personal negligence arising from their individ-
   ual conduct and where they violated a private duty to avoid
   negligently injuring the particular students (MCLA 691.1407).

Appeal from Jackson, Charles J. Falahee, J.
Submitted Division 2 January 9, 1975, at Lansing.
(Docket No. 19657.) Decided February 13, 1975.

Complaints by Dorothy I. Lovitt, administratrix
of the estate of David Lovitt, deceased, and by
Joyce R. Cecil, individually and as next friend of
Brian T. Cecil, a minor, and Thomas W. Cecil
against Concord School District, Ray Keech, Glen
Stevenson, Kenneth Frambes, Robert Campau, and
Warren Sprague for damages for injuries sustained
in a high school football practice. Summary judg-
ment for defendants. Plaintiffs appeal. Affirmed in
part, reversed in part.

*Best, Arnold, Gleeson & Best, P. C.,* for plaintiffs.

*Lilly, Fitzgerald & Smith* and *Anderson, Patch,
Rosenfeld, Potter & Grover,* for defendants.

Before: Danhof, P. J., and McGregor and
Walsh, JJ.

Danhof, P. J. Plaintiffs brought separate actions
seeking to recover for injuries sustained as a result
of the negligence of the defendants in the conduct
and supervision of their high school football pro-
gram. Defendants' motion for a summary judg-

ment was granted, and plaintiffs appeal. We affirm in part, and reverse in part.

David Lovitt and Brian Cecil, students at Concord High School, began practicing for the football team early in July, 1972. On August 30, 1972, during a particularly severe practice session, the boys were overcome by heat prostration. As a result of their exertions, David Lovitt died and Brian Cecil suffered serious permanent injury. Complaints were filed alleging that Lovitt's death and Cecil's injuries were caused by the negligence of the teacher-coaches in ordering them to perform unreasonably strenuous exercises, and the negligence of the other defendants in hiring and supervising the teachers.

These cases were consolidated in the lower court for the purpose of considering a motion for summary disposition based on the affirmative defense of governmental immunity.[1] The motion was granted as to all of the defendants: the Concord School District, Ray Keech, the superintendent of schools, Warren Sprague, the principal of Concord High School, and the remaining defendants who were teachers and coaches at Concord High School. Plaintiffs appeal contending that the trial court misapplied and overextended the doctrine of sovereign immunity.

Plaintiffs contend that the Concord High School football program was a proprietary function of the local school district and hence was not entitled to the protection of governmental immunity. According to this argument, the primary purpose of the football program was not the physical education of the student body, but rather it was designed to

---

[1] The order entered in this case is denominated a "summary judgment", but the motion should have been brought under the accelerated judgment provisions of GCR 1963, 116. *See Cibor v Oakwood Hospital,* 14 Mich App 1, 3; 165 NW2d 326 (1968).

earn revenue. The trial court, after issuing an opinion indicating that governmental immunity would be applied to all of the defendants, agreed to withhold final judgment until the deposition of the athletic director of the Concord School District could be taken. This depositional testimony established that the district's athletic program had been operating at a deficit for the past five years. This information reinforced the court's determination that the defendants were not engaged in a proprietary function, and the court reaffirmed its decision to dismiss the case on the basis of governmental immunity.

On appeal, plaintiffs argue that even though no profit was made, the football program could still be a proprietary function and that they should be given an opportunity to prove the proprietary nature of the football program through the use of other evidence during a full trial on the merits. It is well settled that a school district is a governmental agency granted immunity from tort liability by statute when engaged in the exercise of a governmental function. MCLA 691.1407; MSA 3.996(107). *Sayers v School District No 1,* 366 Mich 217; 114 NW2d 191 (1962); *Picard v Greisinger,* 2 Mich App 96; 138 NW2d 508 (1965); *Williams v Primary School District No 3,* 3 Mich App 468; 142 NW2d 894 (1966); *McNees v Scholley,* 46 Mich App 702; 208 NW2d 643 (1973). Physical-education activities have specifically been held to constitute a governmental and not a proprietary function. *Cody v Southfield-Lathrup School District,* 25 Mich App 33; 181 NW2d 81 (1970); *McDonell v Brozo,* 285 Mich 38; 280 NW 100 (1938).

Plaintiffs' contention that because an admission charged to the games was paid, the football program amounted to a proprietary function of the

district unprotected by government immunity cannot be accepted. An identical argument was advanced in *Watson v Bay City School District,* 324 Mich 1, 11; 36 NW2d 195 (1949), wherein Justice DETHMERS writing for affirmance by an evenly divided Court concluded "Here the football game was part of the school's physical education program. The function is inherently educational, a governmental function without doubt. * * * The incidental profit or revenue does not operate to change the character of that function."

The precise question of immunity from liability claimed here was decided in *Richards v Birmingham School District,* 348 Mich 490; 83 NW2d 643 (1957). In that case, plaintiff was a paid spectator at a high school football game who was injured when temporary bleachers collapsed. Plaintiff brought suit against the defendant school district, arguing that the district was not immune from liability because it was engaged in the performance of a proprietary function. This argument was resolved contrary to the plaintiff's position.

"An exhibit introduced by defendant district on the trial of the case, without objection, which exhibit was prepared by certified public accountants, discloses that the athletic activities program of the defendant school district for the year ending June 30, 1949, resulted in a net operating loss. The football game played on November 25, 1948, must be considered as a part of the athletic activities of the school rather than as an independent contest. It thus appears that such activities of the physical education department did not, for the year in question, result in a net profit. On the record in the case it may not be claimed that such activities are carried on for the purpose of making money for the benefit of defendant school district. Rather, the entire department is operated as a part of the school facilities and in furtherance of the objectives to be attained in

educational lines. It may not be said that defendant district, in allowing athletic competition with other schools, is thereby engaging in a function proprietary in nature. On the contrary, it is performing a governmental function vested in it by law." 348 Mich 509–510.

In the present case, the athletic activities program of the defendant school district had resulted in a net operating loss for the past five years. Thus, plaintiffs here cannot claim that by carrying on the football program, the district was "engaging in a function proprietary in nature". The trial court did not err by granting a summary judgment in favor of the school district grounded on the application of statutorily created governmental immunity.

Although defendants have devoted a large part of their brief on appeal to denying liability on the part of the superintendent and the principal, the plaintiffs accept the determination that if sovereign immunity is found to apply to the school district, the superintendent and the principal are also protected by it. Thus, our decision above as to the immunity of the school district also applies as to the principal and the superintendent.[2] The plaintiffs contend, however, that even if immunity is established to protect the school district, its superintendent, and the principal, the individual teacher-coaches may still be found liable for their own personal acts of negligence. With this contention, we agree.

Under the common law, a teacher could be found liable for a student's injuries proximately caused by the teacher's negligence. *Gaincott v*

[2] This conclusion is supported by the overwhelming weight of authority which probably accounts for the plaintiffs decision not to dispute the point. *See,* for example, *Williams v Detroit,* 364 Mich 231, 261; 111 NW2d 1 (1961).

*Davis,* 281 Mich 515; 275 NW 229 (1937). Defendants maintain that this principle is superseded by statute, MCLA 691.1407; MSA 3.996(107) which, as discussed previously, has been held to apply to school districts. The statute reads as follows:

"Except as in this act otherwise provided, all governmental agencies shall be immune from tort liability in all cases wherein the government agency is engaged in the exercise or discharge of a governmental function. Except as otherwise provided herein, this act shall not be construed as modifying or restricting the immunity of the state from tort liability as it existed heretofore, which immunity is affirmed."

The issue of whether or not the governmental immunity of a school district extends to include an employee, and particularly a teacher, appears to be a question of first impression in this state. While it is obvious that a government agency cannot act except through its employees, a literal reading of the statute would seem to confine its application to the agency itself. The defendants advance the theory that this statute renders the teachers immune in the absence of another statute specifically providing for liability. This contention overlooks the fact that the teachers' liability in the present case is predicated on their common-law duty to refrain from negligently injuring others, not on any statute.

The defendants seek to support their theory by citing *Daniels v Board of Education of City of Grand Rapids,* 191 Mich 339; 158 NW 23 (1916). *Daniels* concerned the individual liability of members of a school board who collectively would be protected by the principle of governmental immunity, and who were not alleged to have been personally negligent. The only other authority

relied upon by the defendants is subject to the same qualification. In *Nichols v Zera,* 33 Mich App 274, 278; 189 NW2d 751 (1971), *lv den,* 385 Mich 767 (1971), this Court made this fundamental distinction very clear. "The claim against these defendants is not based upon their personal torts, but rather upon their collective failure properly to discharge the duty of their office."

The possibility that a school district and its officials might enjoy governmental immunity to tort liability while an agent or servant is personally liable was recognized but resolution of the issue was not essential to the decision in *Pichette v Manistique Public Schools,* 50 Mich App 770, 776; 213 NW2d 784 (1973). However, the issue of government employee liability where the employing agency is immune has been considered in a case involving the Michigan State Highway Department. Having received personal injuries when their car skidded and crashed while traveling on a highway overpass, the plaintiffs in *Rush v Pierson Contracting Co,* 310 F Supp 1389 (ED Mich, 1970), brought an action for negligence against two Michigan corporations involved in the construction of the overpass, and against Robert Corrigan, a foreman or supervisor employed by the Michigan Department of State Highways and responsible for the maintenance of the overpass. Defendant Corrigan contended that he was protected by the same governmental "immunity that his employer, an agency of the State of Michigan, enjoys". The trial court declined to accept his argument.

"For defendant Corrigan to be dismissed from this suit at this posture of the case on the ground of immunity, he must show that the immunity of his employer protects him also. The allegations of negligence on the part of defendant Corrigan, as set forth in plaintiffs'

Amended Complaint, can only read as alleging active, personal negligence on his part. In this light he must be held accountable for his own acts of commission or ommission, if such acts are in fact negligent. It seems to us to be that simple." 310 F Supp 1397.

In the present case, the plaintiffs' allegations are of active, personal negligence on the part of the teachers. The liability of the teachers is not based upon negligence imputed to them as public functionaries, but rather it arises from their individual conduct. They must be held accountable for their own actions.

Furthermore, even if it is assumed that the teachers in the present case could be considered "public officers" otherwise sharing in the protection of governmental immunity, they would still be subject to liability because they invaded the rights of specific persons. The teachers acted personally against single individuals; they violated a private duty to avoid negligently injuring these particular students. They abused a direct relationship, not merely a public responsibility to the citizens of the state in general. *Rose v Mackie,* 22 Mich App 463, 466–468; 177 NW2d 633 (1970), *lv den,* 383 Mich 787 (1970) discussing *Raynsford v Phelps,* 43 Mich 342; 5 NW 403 (1880), and *LaPeer County Bank v O'Connell,* 214 Mich 410; 183 NW 195 (1921).

The negligence alleged by the plaintiffs here is personal on the part of the defendant teachers and direct in its effect on the individual injured students. The defendant teachers cannot, in the presence of these factors, clothe themselves in the governmental immunity of their school-district employer.

A comparable conclusion is reached by the few Michigan authorities which have considered the problem. The Attorney General in a formal opin-

ion has discussed the application of the doctrine of sovereign immunity to physical-education teachers. OAG 1961–1962, No 4061, p 419, 420 (May 28, 1962):

"Such immunity of state agencies does not extend to their officers, agents and employees. On the contrary, they are subject to liability personally based upon personal injuries or property damage caused by their own negligent acts.

"Such liability is not predicated upon statute but rather upon a common law duty owed by the teacher to a student."

The extent to which the doctrine of governmental immunity can be applied to protect the school district and its employees has been succinctly stated in 22 Callaghan's Michigan Civil Jurisprudence, Schools and Education, § 148, p 194:

"The immunity which attaches to the performance of a governmental function protects not only the incorporate district or board of education, but also the individual members of the board, or school officers, who execute that function, where the duty that is breached is one that is imposed on the entity and not the individual.

"Where, however, the injuries for which redress is sought are attributable to the individual tort or negligence of a particular official, agent, or employee, the person himself is liable although the district or board is not."

We hold that the trial court erred in granting summary judgment as to the individual teacher defendants who are not protected by the governmental immunity of the school district against liability arising from their personal negligence toward these students.

Reversed and remanded as to the individual teacher-coach defendants for further proceedings not inconsistent with this opinion.

Affirmed as to defendant school district, its superintendent and principal.

No costs, neither party having prevailed in full.